STATE v. EPHRAIM MOODY.

(Filed 21 April, 1909.)

**1. Procedure, Criminal—Demurrer to Evidence.**

Demurring to the evidence is now regulated by statute, is peculiar to civil actions, has no place in criminal proceedings, and tends only to delay.

**2. Procedure, Criminal—Demurrer to Evidence—"Demurrer" Defined—State's Appeal.**

In determining the right of the State to appeal in a criminal action upon demurrer, the word "demurrer" must be taken in its usual and ordinary significance as relating to a pleading and as understood and defined in criminal proceedings. The State may not appeal when the trial judge sustains defendant's demurrer to the State's evidence.

**3. Same—Questions for Jury—Verdict Directing.**

The jury must pass upon the weight of the State's evidence in criminal cases. Instead of demurring to the evidence, the proper practice is for the defendant to move the court to direct the jury

·that the evidence is insufficient to convict, and to enter a verdict of not guilty. If the trial judge so directs the verdict, the State cannot appeal.

4. **Procedure, Criminal—Demurrer to Evidence Sustained—Mistrial.**
   In this criminal action the trial judge sustained the prisoner's demurrer to the State's evidence, the State appealed, and no verdict was rendered: *Held*, the case is still pending, and the solicitor should proceed to try the defendant again under the indictment, as upon a mistrial.

ACTION tried before *Guion, J.,* and a jury, at February Term, 1908, of SWAIN.

The defendant was indicted in a bill containing two counts, the first for disturbing a religious congregation, and the second, under the Revisal, sec. 3706, for being intoxicated at a place of public worship.

The State introduced one B. M. Peek, who testified: "I was at Yellow Mountain Church. There was preaching there on that day. Services had been concluded about five minutes. I was one of the first to come out of the church, and as I came out I saw defendant within about five steps of the church; he was drunk. The majority of the congregation were still in the church. He did not create any disturbance."

At the conclusion of this evidence the State rested its case. Defendant demurred to the evidence; demurrer sustained by the court. Exception by solicitor for the State. Notice of appeal by the State given in open court.

*Assistant Attorney-General* for the State.
*Walter E. Moore* for defendant.

BROWN, J. While we are of opinion that the evidence as to the second count in the bill was sufficient to go to the jury, we are of opinion that the State cannot appeal from such a ruling, and that the appeal must be dismissed. The proper practice is for the defendant to move the court to direct the jury that the evidence is insufficient to convict, and to enter a verdict of not guilty. If the judge is with the defendant, and so directs, that ends the case, and it is well settled that the State cannot appeal. That is evidently what was intended to be done on the trial of this case.

In order to prevent subjecting a person charged with crime to the harassment of several trials, the statute allows the State to appeal from the judgment of the court in only four instances: (1) upon a special verdict; (2) upon a demurrer; (3) upon motion to quash; (4) upon arrest of judgment.

The statute does not provide for an appeal from a judgment upon a demurrer to the evidence, but only upon a demurrer. The word is used in the statute in its usual and ordinary significance, as understood and defined in criminal pleading. In criminal law "A demurrer is a pleading by which the legality of the last preceding pleading is denied and put in issue, and the issue is then determined by the court. A demurrer is pleaded either to the indictment or to a special plea." 1 Archbold Crim. Prac. and Pldg., 354.

The reason the State is permitted to appeal from the judgment upon demurrer to an indictment is because it has the effect in criminal cases of opening the whole record to the court, and under it the jurisdiction of the court may be challenged, as well as the sufficiency of the subject-matter of the indictment itself.

The expression, "demurrer to the evidence," is not strictly accurate, as applied to criminal proceedings, for the reason that the trial judge, if he overruled the demurrer, could not direct a verdict against the defendant or give judgment against him upon the demurrer, as it has been held he could do in civil actions. In a criminal trial the jury must still pass on the weight of the State's evidence.

In reference to a demurrer to evidence, Black says: "This proceeding (now practically obsolete) was analogous to a demurrer to a pleading. It was an objection by one of the parties to an action at law to the effect that the evidence which his adversary had produced was insufficient in point of law to make out his case or sustain the issue. Upon joinder in such demurrer the jury was discharged and the case was argued to the court, who gave judgment upon the facts as shown in evidence." Law Dictionary: title, Demurrer to Evidence.

The practice of demurring to the evidence appears to be of ancient origin, and is thus described by Blackstone: "But a demurrer to evidence shall be determined by the court out of

150—54

which the record is sent. This happens where a record or other matter is produced in evidence, concerning the legal consequences of which there arises a doubt in law; in which case the adverse party may, if he pleases, demur to the whole evidence, which admits the truth of every fact that has been alleged, but denies the sufficiency of them all in point of law to maintain or overthrow the issue, which draws the question of law from the cognizance of the jury, to be decided (as it ought) by the court. But neither these demurrers to evidence nor the bills of exceptions are at present so much in use as formerly, since the more frequent extension of the discretionary powers of the court in granting a new trial, which is now very commonly had for the misdirection of the judge at *nisi prius.*"

After joinder in the demurrer to the evidence, if the proper facts or admissions have been made to appear, the court may direct a verdict. 6 Enc. Pldg. and Pract., 451. This the court is inhibited from doing upon the trial of a criminal action.

Our statutes use both the word "demurrer" and the phrase "demurrer to the evidence," and in declaring what is meant by the latter the statute confines its use to the trial of issues of fact in civil actions exclusively. Revisal, sec. 539.

From the statute it is plain that the General Assembly, when it adopted the Revisal, did not use the word "demurrer" in section 3279 in the sense that it used the phrase "demurrer to evidence" in section 539.

Demurring to the evidence is now regulated by statute, and is peculiar to civil actions and has no place in criminal proceedings, and tends only to delay.

In this State there is no such procedure as trying a defendant upon an "agreed state of facts" or upon a demurrer to the evidence. He must be tried by the jury and a verdict rendered. If it is a special verdict it must nevertheless be rendered by the jury, and it is their finding and not that of the judge. *State v. Holt,* 90 N. C., 750.

Inasmuch as his Honor stopped the trial and no verdict was rendered, the case is still pending in the Superior Court, and it is the duty of the solicitor, as upon a mistrial, to proceed to try the defendant again under the indictment.

Appeal Dismissed.