MRS. LOTTIE A. PRIVETTE, ADMINISTRATRIX OF THE ESTATE OF J. H. PRIVETTE, DECEASED, v. MRS. LOTTIE A. PRIVETTE, WIDOW; LUCILLE PRIVETTE; CORNELIA PRIVETTE; BEVERLY PRIVETTE; AND STEPHEN PRIVETTE, HEIRS AT LAW OF J. H. PRIVETTE, DECEASED.

(Filed 2 March, 1949.)

1. **Appeal and Error § 2—**

As a general rule an appeal will lie only from a final determination of the whole case, and an appeal from an interlocutory order will lie only when it puts an end to the action or where it may destroy or impair or seriously imperil some substantial right of the appellant.

2. **Same—**

While the Supreme Court may entertain an appeal from an order denying a motion to strike allegations from the pleadings, since the pleadings are read to the jury and chart the course of the trial and determine in large measure the competency of the evidence, and therefore denial of the motion may impair or imperil substantial rights, this reasoning does not apply to motions to strike allegations from a motion before the court, since no substantial right is likely to be impaired or seriously imperiled by the denial of the motion.

APPEAL by respondent, plaintiff herein, from *Bone, J.,* September Term, 1948, NASH.

Special proceeding to sell land to make assets, heard on motion in the cause.

A phase of the controversy between the parties herein was before this Court at the Spring Term, 1947, *Privette v. Morgan,* 227 N.C. 264, 41 S.E. 2d 845. After the opinion in that case was certified down, the defendants Lucille Privette Hyde, J. Beverly Privette, and Stephen Privette, appeared and moved to vacate the decree of confirmation, the deed executed pursuant thereto, and certain interlocutory orders entered in this proceeding. Thereupon, plaintiff appeared and moved to strike various allegations and statements contained in the motion. The clerk denied the motion to strike. On appeal the judge below affirmed the order of the clerk and respondent appealed.

*L. L. Davenport and Hobart Brantley for Mrs. Lottie A. Privette Morgan, respondent appellant.*

*Sharp & Pittman, Cooley & May, and Battle, Winslow & Merrell for defendant appellees.*

BARNHILL, J. An appeal may be taken to this Court only from a "judicial order or determination . . . which affects a substantial right claimed in any action or proceeding; or which in effect determines the

action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial." G.S. 1-277.

As a general rule an appeal will not lie until there is a final determination of the whole case. *Moore v. Hinnant,* 87 N.C. 505; *S. v. Keeter,* 80 N.C. 472; *Railroad v. Warren,* 92 N.C. 620; *Hailey v. Gray,* 93 N.C. 195. It lies from an interlocutory order only when it puts an end to the action or where it may destroy or impair or seriously imperil some substantial right of the appellant. *Skinner v. Carter,* 108 N.C. 106; *Warren v. Stancill,* 117 N.C. 112; *Martin v. Flippin,* 101 N.C. 452; *Parrish v. R. R.,* 221 N.C. 292, 20 S.E. 2d 299.

An appeal from such order will be dismissed unless the order affects some substantial right and will work injury to the appellant if not corrected before appeal from the final judgment. *Cole v. Trust Co.,* 221 N.C. 249, 20 S.E. 2d 54; *Utilities Com. v. Coach Co.,* 218 N.C. 233, 10 S.E. 2d 824; *Nissen Company v. Nissen,* 198 N.C. 808, 153 S.E. 450.

The pleadings in a cause raise issues of fact to be decided by a jury, chart the course of the trial and, in large measure, determine the competency of evidence. They are to be read to the jury. If they contain irrelevant or impertinent averments not competent to be shown in evidence, a refusal to strike might impair or imperil the rights of the adversary party. For this reason this Court has entertained appeals from orders denying motions to strike allegations in pleadings.

But the same reasons which prompted the Court to hear and decide appeals in such cases do not apply to a motion in a cause which, as here, merely raises questions of fact for the judge to decide. It is his function in every case to sift the relevant from the irrelevant, and he can readily cut through any prolixity of language to the heart of the motion and ascertain and decide the matter sought to be presented, without being unduly prejudiced by irrelevant averments contained therein. No substantial right is likely to be impaired or seriously imperiled. Hence an appeal from an order denying a motion to strike will not lie.

Here one of the principal grounds of attack upon the validity of the material orders entered in the special proceeding is the alleged nonservice of process upon the infant defendants. The record before us discloses that the infants were duly served. There is no motion to amend the return. Just where this may leave the movants is a question for the court below to decide.

As the appeal must be dismissed, we may not consider the motions filed in this Court.

Appeal dismissed.