STATE OF NORTH CAROLINA v. VIRGIE HORTON

No. 7010SC70

(Filed 1 April 1970)

1. **Criminal Law § 149; Constitutional Law § 30— dismissal of prosecution for denial of speedy trial — right of State to appeal**

    The State has no right to appeal from an order dismissing a prosecution for carnal knowledge of a female between the ages of twelve and sixteen years on the ground that defendant had been denied his constitutional right to a speedy trial. G.S. 15-179.

2. **Criminal Law § 149— motion to dismiss prosecution for denial of speedy trial — demurrer — motion to quash — right of State to appeal**

    Defendant's motion to dismiss a prosecution on the ground that he had been denied his constitutional right to a speedy trial is neither a demurrer nor a motion to quash within the meaning of G.S. 15-179.

ATTEMPTED appeal by the State from *Bailey, J.,* 6 October 1969 Session of WAKE Superior Court.

The following judgment was entered in this action:

"This cause coming on to be heard and being heard by the

undersigned Judge Presiding upon a motion heretofore filed on the 30th of July 1969, on behalf of the defendant by his Attorney, W. W. Merriman, III; and it appearing to the undersigned Judge Presiding, from said motion and from statements of the Solicitor and of the attorney for the defendant, that the defendant, Virgie Horton, was charged in a warrant sworn to by the prosecuting witness, Constance R. Hodge, on the 18th day of May 1969, alleging that the defendant Horton did on the 14th day of February 1966 carnally know and abuse the prosecuting witness, the prosecuting witness at such time being a female person over the age of twelve years and under the age of sixteen years; and it being alleged that said prosecuting witness had never before had sexual intercourse with any person;

And it further appearing to the undersigned Judge Presiding that a true bill was returned by the Grand Jury of Wake County at the 2nd June 1969 Regular Session, charging said defendant with carnally knowing and abusing a female child over the age of twelve years and under the age of sixteen years, said female child never before having had sexual intercourse with any other person; said alleged offense occurring on the 14th day of February 1966;

And it further appearing to the undersigned Judge Presiding that the defendant has since the date of said alleged offense, served a six-month sentence, commencing October 23, 1967; and a later nine-month sentence, commencing June 13, 1968; said second sentence being for assualt on the prosecuting witness in this case;

And it further appearing to the undersigned that the prosecuting witness has arbitrarily delayed the signing of a warrant or making any complaint, and that said delay is to the prejudice of the defendant; and that the defendant's rights to a speedy trial have been denied him by the arbitrary act of the prosecuting witness in delaying the signing of said warrant or the making of any complaint;

And it further appearing to the Court that the bill of indictment herein at issue, alleges a first occurrence; and it appearing further that the State of North Carolina contends that the said defendant has engaged in continuous actual intercourse with the prosecuting witness since that date, the Court being of the opinion that the subsequent acts do not constitute a crime nor evidence of a crime;

NOW, THEREFORE, be it and it is hereby, ORDERED AND

DECREED that the motion of the defendant that the charges against him be dismissed, is hereby granted.

This the 6th day of October 1969.

s/ JAMES H. POU BAILEY
JUDGE PRESIDING"

To the signing and entry of the above judgment the solicitor for the State in apt time objected and excepted and gave notice of appeal to this Court.

*Attorney General Robert Morgan by Staff Attorney Mrs. Christine Y. Denson for the State.*

*William W. Merriman, III, for defendant appellee.*

BRITT, J.

**[1]** Is an appeal by the State in the instant case permissible? A review of pertinent statutes and other authorities impels us to answer in the negative.

G.S. 15-179 provides as follows:

"An appeal to the appellate division or superior court may be taken by the State in the following cases, and no other. Where judgment has been given for the defendant —

(1) Upon a special verdict.

(2) Upon a demurrer.

(3) Upon a motion to quash.

(4) Upon arrest of judgment.

(5) Upon a motion for a new trial on the ground of newly discovered evidence, but only on questions of law.

(6) Upon declaring a statute unconstitutional."

In *State v. Vaughan*, 268 N.C. 105, 150 S.E. 2d 31, in an opinion by Bobbitt, J. (now C.J.), we find the following:

"In 4 Am. Jur. 2d, Appeal and Error § 268, these statements appear: 'As a general rule the prosecution cannot appeal or bring error proceedings from a judgment in favor of the defendant in a criminal case, in the absence of a statute clearly conferring that right.' Again: 'Statutes authorizing an appeal by the prosecution will be strictly construed.' In 24 C.J.S., Criminal Law § 1659(a), pp. 1028-1029, this statement appears: 'While there is authority holding that statutes granting the

state a right of review should be liberally construed, it is generally held that, being in derogation of the common law, they should be strictly construed, and that the authority conferred thereby should not be enlarged by construction.' "

Although the record on appeal does not contain the text of the written motion filed by defendant, by appropriate order we have obtained a certified copy of the motion from the Clerk of the Superior Court of Wake County and it is summarized as follows: Defendant moves for an order dismissing the case for the reason that his right to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution has been denied. The warrant against defendant was issued on 18 May 1969 charging an offense on 14 February 1966. Defendant denies ever having intercourse with the prosecuting witness and is now unable to recall where he was on 14 February 1966 or reconstruct the events of that day. Since the date of the alleged crime, defendant has served a six months' prison sentence (beginning 23 October 1967) for an assault on his wife and a nine months' prison sentence (beginning 13 June 1968) for an assault on the prosecuting witness. The issuance of a warrant or indictment in this case has been arbitrarily delayed due to the willfulness of the prosecuting witness and due to no fault of defendant who has not waived his constitutional right to a speedy trial. Several specific reasons why his rights had been prejudiced by the denial of a speedy trial are set forth.

[2]   Clearly, G.S. 15-179 does not list "[u]pon a motion to dismiss" as one of the instances in which the State can appeal from an adverse judgment. In his brief the attorney general suggests that defendant's motion in this case was treated by the trial court as a demurrer or motion to quash, therefore, appeal by the State is permissible. We cannot agree with this contention.

In *State v. Moody*, 150 N.C. 847, 64 S.E. 431, our Supreme Court defined "demurrer" as used in what is now G.S. 15-179 as follows: "The word is used in the statute in its usual and ordinary significance, as understood and defined in criminal pleading. In criminal law 'A demurrer is a pleading by which the legality of the last preceding pleading is denied and put in issue, and the issue is then determined by the court. A demurrer is pleaded either to the indictment or to a special plea.' 1 Archbold Crim. Prac. and Pldg., 354." Defendant's motion was obviously more than a pleading to test the legality of the indictment, "the last preceding pleading," but pleaded allegations of violations of constitutional rights and asked for dismissal on that ground.

In like manner, a motion to quash is designed to test the validity of a warrant or bill of indictment. 4 Strong, N.C. Index 2d, Indictment and Warrant, § 14, pp. 359-362. As stated above, defendant's motion in the case at bar did much more than that.

In his motion and in his brief, defendant cites the recent case of *State v. Johnson,* 275 N.C. 264, 167 S.E. 2d 274, in which the court discussed·at length the constitutional right to a speedy trial raised on a motion to dismiss. We quote the following from that opinion:

> "We here hold that when there has been an atypical delay in issuing a warrant or in securing an indictment and the defendant shows (1) that the prosecution deliberately and unnecessarily caused the delay for the convenience or supposed advantage of the State; and (2) that the length of the delay created a reasonable possibility of prejudice, defendant has been denied his right to a speedy trial and the prosecution must be dismissed."

The procedure followed by defendant in this case is supported by *State v. Johnson, supra.* We do not pass upon the propriety of the procedure followed by the trial judge in hearing and considering defendant's motion to dismiss or the sufficiency of the evidence to justify his judgment. We only hold that an appeal by the State in this case is not authorized by the statute.

Appeal dismissed.

BROCK and GRAHAM, JJ., concur.