STATE OF NORTH CAROLINA v. THOMAS SPENCER COX

No. 711SC574

(Filed 15 December 1971)

**Criminal Law § 149— appeal by State — refusal to revoke suspension of sentence**

　　The State could not appeal from the trial court's determination that a suspended sentence given defendant to begin at the expiration of active sentences had not yet begun and that the suspension of the sentence could therefore not be revoked. G.S. 15-179.

APPEAL by the State from *Peel, Judge,* April 1971 Session of Superior Court held in CHOWAN County.

At a session of Superior Court of Chowan County held on 1 April 1969 presided over by Judge Joseph W. Parker, defendant pleaded guilty in three criminal cases in which he was charged with having committed the following offenses: (1) Case No. 69-Cr-39, unlawful possession of burglary tools; (2) No. 69-Cr-40(A), felonious breaking and entering; and (3) No. 69-Cr-40(B), safecracking. In the first case judgment was entered imposing on defendant an active prison sentence of not less than five nor more than eight years. In the second case defendant also received an active prison sentence of not less than five nor more than eight years, this sentence to run concurrently with the sentence which had been imposed in the first case. In the third case, judgment was entered as follows:

　　"On the count of safecracking, let the defendant be confined to State's Prison for a term of not less than ten years, nor more than 15 years, said sentence to begin at the expiration of sentence imposed in the count of breaking and entering, above 69-Cr-40(A). The foregoing sentence imposed for safecracking, to-wit: ten to 15 years, is suspended from the date of its commencement for a period of five years, on condition that the defendant violate no law of any State in the Union during said five year period."

While defendant was in prison serving the sentences of not less than five nor more than eight years which had been imposed upon him in the first two cases, the solicitor signed and caused to be served upon defendant a "Notice and Bill of Particulars," dated 21 April 1971, in which the solicitor notified defendant that he would pray for judgment placing into effect

State v. Sherman

the suspended sentence, and alleged that defendant had violated the terms of the suspension by committing the crime of perjury while testifying under oath at a Post-Conviction Hearing of another prisoner which was held in Perquimans County on 15 April 1971.

This matter was heard before Judge Peel, who entered judgment dated 8 May 1971, finding the foregoing facts, and concluding as a matter of law that the suspended sentence of the defendant had not begun on 15 April 1971, and for that reason the suspension of the sentence could not be revoked on the showing set out in the solicitor's Notice and Bill of Particulars. From judgment dismissing the Notice and Bill of Particulars, the State gave notice of appeal to the North Carolina Court of Appeals.

*Attorney General Robert Morgan by Associate Attorney General William Lewis Sauls for the State.*

*William Brumsey III for defendant appellee.*

PARKER, Judge.

Where judgment has been given for the defendant in a criminal action, an appeal may be taken by the State only in those instances specified in G.S. 15-179. *State v. Vaughan,* 268 N.C. 105, 150 S.E. 2d 31. The present case is not one of them.

Appeal dismissed.

Judges CAMPBELL and MORRIS concur.