JOSEPH B. SETZER AND WIFE, JOAN Q. SETZER v. RONNIE ANNAS

No. 7425SC170

(Filed 5 June 1974)

**Appeal and Error § 6— premature appeal from preliminary injunction**

Appeal from a preliminary injunction is dismissed as premature since no substantial right of defendant appellant was affected by the injunction which required defendant to do nothing more than refrain from obstructing plaintiffs' easement to cross defendant's property in going to and from their property.

Judge CARSON dissenting.

APPEAL by defendant from *Falls, Judge,* 17 September 1973 Session of Superior Court held in CALDWELL County.

This is a civil action wherein plaintiffs, Joseph B. Setzer and wife, Joan Q. Setzer, seek to enjoin defendant, Ronnie Annas, from obstructing the right-of-way and easement of the plaintiffs; from threatening and assaulting the plaintiffs; and from further bulldozing upon the property of the plaintiffs.

The present action was instituted on 5 September 1973 with the filing of a complaint which contained the following relevant allegations:

"4. The plaintiffs, on April 28, 1972, acquired the easement and right-of-way from State Road No. 1510 across the properties of James C. Barlow and wife, Sandra B. Barlow; Lona Beaver, widow; and Ronnie Annas to the property of the plaintiffs . . . .

5. The defendant, in violation of the right-of-way and easement above referred to, has wilfully and maliciously erected two gates across the right-of-way thus severely hindering the plaintiffs in their use of the same. On September 3, 1973, the defendant, while ordering the plaintiffs to close said gates, maliciously threatened and assaulted them by pointing a gun in their direction.

6. On September 3, 1973, the defendant wilfully and maliciously bulldozed across the boundary lines between his property and property of the plaintiffs and threatens to continue such bulldozing until he has leveled a strip of land belonging to the plaintiffs approximately sixty feet in width."

On 5 September 1973, the plaintiffs were granted a temporary restraining order enjoining the defendant from engaging

Setzer v. Annas

in the activities complained of; and on 17 September 1973, a hearing was held to determine if the temporary restraining order should be continued until a final judgment could be entered in this action. Both plaintiffs and defendant offered evidence at this hearing.

The evidence introduced by the plaintiffs acknowledged that there were wire gates on the defendant's property prior to the granting of the easement to the plaintiffs; however, the plaintiff, Mrs. Setzer, testified that these wire gates were altered by defendant after the granting of the easement so as to make it more difficult to cross the plaintiff's land.

On the other hand, defendant's evidence tends to show that the "wire fences" of which plaintiffs complain were present prior to the date of the granting of the easement and right-of-way, and that the defendant has done nothing more than maintain and improve these fences.

At the conclusion of the presentation of the evidence, the trial judge entered an order continuing the enforcement of the injunction pending a final hearing; and the defendant appealed from the granting of this temporary injunction.

*Dickson Whisnant and Fate J. Beal for plaintiff appellees.*

*Wilson, Palmer and Simmons, by George C. Simmons III for defendant appellant.*

HEDRICK, Judge.

Defendant's four assignments of error are directed to both the granting and the composition of the preliminary injunction which was entered against the defendant by the trial court. The plaintiffs have filed a motion to dismiss this appeal, contending that such an appeal from a preliminary injunction is premature and fragmentary.

An appeal may be taken to this court "from every judicial order or determination of a judge of a superior court . . . *which affects a substantial right* [emphasis added] claimed in any action or proceeding, or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial." G.S. 1-277. Justice Ervin, writing for the Court in *Raleigh v. Edwards,* 234 N.C. 528, 67 S.E. 2d 669 (1951) succinctly stated the underlying policy of G.S. 1-277 to be as follows:

"Appellate procedure is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from the final judgment. To this end, the statute defining the right of appeal prescribes, in substance, that an appeal does not lie to the Supreme Court from an interlocutory order of the Superior Court, unless such interlocutory order deprives the appellant of a substantial right which he might lose if the order is not reviewed before final judgment. G.S. 1-277; *Veazey v. City of Durham,* 231 N.C. 357, 57 S.E. 2d 377; *Emry v. Parker,* 111 N.C. 261, 16 S.E. 236."

Thus, the defendant's right to appeal rests solely on our determination of whether he will suffer impairment of a substantial right if this appeal is not entertained. The word "substantial" is defined in Black's Law Dictionary, 4th Ed. (1968) as "of real worth and importance; of considerable value, valuable" and several decisions of our Supreme Court construing G.S. 1-277 exemplify the fact that the presence of the word "substantial" was not intended as mere surplusage, but rather was to function as a roadblock to trivial appeals. *Jenkins v. Trantham,* 244 N.C. 422, 94 S.E. 2d 311 (1956); *Veazey v. Durham, supra; Privette v. Privette,* 230 N.C. 52, 51 S.E. 2d 925 (1949).

In the instant case the defendant insists that he will suffer infringement of a substantial right in that he will not be able to enjoy the full and complete use of his property. This contention is without merit. By the terms of the preliminary injunction entered by the trial court the defendant must do nothing more than refrain from obstructing the plaintiffs' lawful right (by the easement granted to plaintiffs by defendant *et al)* to ingress and egress across the property, and under such circumstances impairment of any right of defendant must be deemed *de minimis.* Therefore, for failure on the defendant's part to demontrate that a substantial right was affected by the action of the trial judge, the appeal must be dismissed.

Appeal dismissed.

Judge BRITT concurs.

Judge CARSON dissents.

Setzer v. Annas

Judge CARSON dissenting:

Following the issuance of the temporary restraining order, a full hearing was held in this matter on 17 September 1973. The defendant, both plaintiffs and various neighbors testified. The undisputed testimony showed that the property in question consisted of approximately 25 acres purchased by the defendant in 1967. The defendant had continuously used his land as a pasture since that time. It was the only land he had which had water suitable for cattle. The fences had been around the land continuously since 1967, and the defendant had improved the fences in certain areas to keep the cattle from getting out. Following the issuance of the restraining order on 5 September 1973, the defendant was forced to move his cattle and a horse from the land in question to another area. He has been deprived of his use of the pasture land continuously since 5 September 1973. No mention was made of assaults or bulldozing.

The case of *Raleigh v. Edwards, supra,* relied upon by the majority, is not analogous to the instant situation. There, an additional party was allowed to intervene in a condemnation proceeding, and an attempted appeal was taken from the order allowing the intervention. A closer factual situation is found in the case of *Board of Elders v. Jones,* 273 N.C. 174, 159 S.E. 2d 545 (1968). In that matter the Board of Elders of the Moravian church had obtained an interlocutory injunction restraining the defendant, the Bible Moravian Church, from using the word "Moravian" in its name. The defendant appealed, and the plaintiff moved to dismiss on the grounds that the appeal was premature. This motion was denied. The use of the word "Moravian" was held to be a substantial right, and the temporary denial of this right was the proper subject of an appeal. The definition of a substantial right is difficult, and each case must be decided on its particular factual situation. I believe that the defendant in this matter suffered a loss of a substantial right by the denial of the use of his property for this long period of time, and I think that the appeal should be considered on its merits.

If this matter were to be considered on its merits, I would feel that errors were committed in the granting of the injunction. However, since this is not before us because of the dismissal of the appeal, it would serve no purpose to point out these errors.