W. V. GIBSON v. RAY CLINE AND WIFE, MAXINE CONLEY CLINE

No. 7530SC836

(Filed 3 March 1976)

Rules of Civil Procedure § 65— order continuing temporary injunction —
failure to set out acts enjoined and reasons therefor — reference to
temporary injunction insufficient

    When the court grants a temporary restraining order, a prelimi-
nary injunction or a permanent injunction, the order or judgment must
set forth the reasons for its issuance, be specific in terms, and de-
scribe in reasonable detail the act or acts restrained or enjoined, and
reference to some other document is not sufficient to provide a
description of the act or acts enjoined or restrained; therefore, order
of the trial court continuing the temporary restraining order to the
trial did not meet the requirements of G.S. 1A-1, Rule 65(d) since it
did not set forth the reasons for its issuance and did not describe
in detail the acts enjoined but simply ordered that "the temporary
restraining order heretofore issued by Judge Lacy Thornburg, Resident
Superior Court Judge of the Thirtieth Judicial District, on the 16th
day of August, 1975" be continued until final hearing.

APPEAL by defendants from *Albright, Judge.* Order entered
25 August 1975 in Superior Court, SWAIN County. Heard in the
Court of Appeals 11 February 1976.

In this action plaintiff seeks to have defendants enjoined
from entering upon certain lands on which plaintiff allegedly
holds a lease executed by the feme defendant's father, Clyde
Conley. In their answer defendants allege that the purported
lease is void for the reasons that it does not contain a sufficient
description of the property and its execution was obtained by
fraud and undue influence. Defendants further allege that the
purported lease was not recorded; that Clyde Conley conveyed
the land to the feme defendant by warranty deed dated 30 July
1975 and duly recorded on said date; therefore, the unrecorded
lease is invalid as opposed to the recorded deed.

On 18 August 1975, Judge Thornburg entered an order
temporarily restraining defendants, and those acting in concert
with them or under their control, from interfering with plain-
tiff or any member of his family, and from going on the prem-
ises in question during the pendency of the action. A hearing
for defendants to show cause why the restraining order "should
not be extended to the trial" was set for 25 August 1975.

Following the show cause hearing, Judge Albright entered the following order:

> "The above-entitled matter coming on to be heard and being heard before The Honorable Douglas Albright, Judge holding the Courts of the Thirtieth Judicial District, at Bryson City, North Carolina, on the 25th day of August, 1975, pursuant to a temporary restraining order issued by Judge Lacy Thornburg on the 16th day of August, 1975, why the temporary restraining order issued on August 16, 1975, should not be continued until the final hearing; that after reading the pleadings filed herein and hearing argument of counsel that the questions existing between the parties are such that the Court after due consideration of the same, is of the opinion that said temporary restraining order should be continued pending the disposition of the issues in the Superior Court before a jury;

> "It is, therefore, ORDERED, ADJUDGED and DECREED that the temporary restraining order heretofore issued by Judge Lacy Thornburg, Resident Superior Court Judge of the Thirtieth Judicial District, on the 16th day of August, 1975, be continued in all respects until the final hearing hereof before the Superior Court."

Defendants excepted to the order and appealed.

*Robert L. Hyde for defendant appellants.*

*Francis & Hipps, by W. R. Francis, for plaintiff appellee.*

BRITT, Judge.

Defendants contend that the order appealed from does not meet the requirements of G.S. 1A-1, Rule 65(d). This contention has merit.

G.S. 1A-1, Rule 65(d), provides in pertinent part as follows: "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts enjoined or restrained; . . . . "

This rule represents a departure from prior North Carolina practice. *See* 2 A. McIntosh, North Carolina Practice and Procedure §§ 2214-16 (2d ed. 1956). The new rules envision a

temporary restraining order, a preliminary injunction and a permanent injunction. We think it is clear that when the court grants either of the three, the order or judgment must set forth the reasons for its issuance, be specific in terms, and describe in reasonable detail the act or acts restrained or enjoined; and that *reference to some other document* is not sufficient to provide a description of the act or acts enjoined or restrained. *Setzer v. Annas*, 286 N.C. 534, 212 S.E. 2d 154 (1975), *rev'g*, 21 N.C. App. 632, 205 S.E. 2d 553 (1974) ; *Pruitt v. Williams*, 25 N.C. App. 376, 213 S.E. 2d 369 (1975), *appeal dismissed*, 288 N.C. 368, 218 S.E. 2d 348 (1975). *See generally*, W. Shuford, North Carolina Civil Practice and Procedure § 65-9 (1975).

While the order appealed from might have been sufficient under the former practice, it does not comply with Rule 65 (d). It does not set forth the reasons for its issuance and does not describe in detail the acts enjoined.

For the reasons stated, the order is vacated and this cause is remanded for further proceedings consistent with this opinion.

Order vacated and cause remanded.

Judges HEDRICK and MARTIN concur.