STATE OF NORTH CAROLINA v. DAVID JUNIOR WARD

No. 8015SC128

(Filed 15 April 1980)

1. Criminal Law § 149— appeal by State from dismissal of criminal charge—appeal as including review by certiorari

In the statute permitting the State to "appeal" from a "decision or judgment" dismissing a criminal charge, G.S. 15A-1445(a)(1), the word "appeal" includes "appellate review upon writ of certiorari." G.S. 15A-101(0.1).

2. Criminal Law § 149.1— Speedy Trial Act—dismissal of charge without prejudice—no right of State to appeal

The State has no right of appeal from an order of the superior court dismissing a criminal case without prejudice upon a motion made by defendant under the Speedy Trial Act, G.S. 15A-701 et seq., but must seek appellate review of such a dismissal by a writ of certiorari.

3. Constitutional Law § 50— Speedy Trial Act—dismissal of charge without prejudice—time for trying defendant after reindictment

Where a criminal charge is dismissed without prejudice upon a defendant's motion under the Speedy Trial Act, the trial of the defendant upon further prosecution by the State must begin within 120 days (90 days beginning 1 October 1981) from the date the order is entered dismissing the charge without prejudice.

APPEAL by the State of North Carolina from *Lane, Judge.* Order entered 22 August 1979 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 11 March 1980.

On 12 February 1979, the grand jury of Alamance County returned a true bill of indictment charging the defendant with the capital crime of murder in the first degree. At arraignment on 5 March 1979, defendant, with counsel, entered a plea of not guilty. The solicitor wrote the following letter to defendant's counsel:

June 26, 1979

Mr. John D. Xanthos
Attorney and Counselor at Law
111 South Main Street
Graham, North Carolina 27253

Dear John:

> Re: David Junior Ward; Superior Court of Alamance County; Case Number 79 CRS 1031

This will confirm our telephone conversation of this afternoon.

You and I have agreed that the above captioned case will be tried during the week of August 20 and August 27, 1979 unless illness to counsel on either side occurs, in which event the State will agree with you then on a time when the case can be tried.

With kindest personal regards, I remain

Sincerely,

Herbert F. Pierce

On 14 August 1979, defendant's counsel filed a motion to dismiss the charge, alleging the state violated the requirements of the Speedy Trial Act. At the hearing of defendant's motion, the above letter was in evidence before the court. No other evidence was offered except the court papers in the case. After argument of counsel, the court allowed defendant's motion and dismissed the case without prejudice.

From this order, the state appeals.

*Attorney General Edmisten, by Associate Attorney General Thomas J. Ziko, for the State.*

*John D. Xanthos for defendant.*

MARTIN (Harry C.), Judge.

At the outset, we are faced with the question whether the state has a right of appeal from an order of the superior court dismissing a criminal case without prejudice upon a motion made by defendant under the Speedy Trial Act, N.C.G.S. 15A-701 to -704. This question was addressed by counsel at oral argument.

The Speedy Trial Act itself does not contain any provisions for appellate review. As a general rule the state cannot appeal from a judgment in favor of a defendant in a criminal case, in the absence of a statute clearly conferring that right. *State v. Harrell*, 279 N.C. 464, 183 S.E. 2d 638 (1971); *State v. Horton*, 7 N.C. App. 497, 172 S.E. 2d 887 (1970). The statutory authority permitting the state to appeal in criminal cases contains the following: "[T]he State may appeal from the superior court to the appellate division: (1) When there has been a decision or judgment dismissing criminal charges as to one or more counts." N.C. Gen. Stat. 15A-1445(a), (a)(1).

This statute was adopted in 1977, replacing former N.C.G.S. 15-179 which allowed the state to appeal where judgment had been given for the defendant upon

1. a special verdict,

2. a demurrer,

3. a motion to quash,

4. arrest of judgment,

5. motion for new trial for newly discovered evidence,

6. declaring a statute unconstitutional,

7. motion to bar prosecution as double jeopardy.

Interpreting N.C.G.S. 15-179 in *Horton*, this Court held the state did not have a right of appeal from an order dismissing a case for violation of defendant's *constitutional* rights to a speedy

trial. The dismissal was with prejudice. Our research has failed to locate other authority in North Carolina on this question. We find no cases interpreting N.C.G.S. 15A-1445(a)(1). Therefore, we find this to be a question of first impression in North Carolina.

An examination of certain federal cases may be instructive. The Supreme Court of the United States in *United States v. Marion*, 404 U.S. 307, 30 L.Ed. 2d 468 (1971), held the government could appeal a dismissal under the Speedy Trial Clause of the Sixth Amendment for pre-indictment delay. The appeal was pursuant to 18 U.S.C. § 3731 (1964 ed., Supp. V). This statute was amended in 1970 and now reads substantially as N.C.G.S. 15A-1445. The Court in *Marion* was careful to point out that the prosecution could not cure the dismissal in the district court as it was based upon pre-indictment delay and a reindictment would not be permissible under the court's ruling. The dismissal was in effect a dismissal with prejudice, a final determination of the cause and therefore appealable. Other decisions of the Supreme Court on this question are based upon principles of double jeopardy, and the effect of the requirement of finality of judgments on appealability is not discussed. *See Finch v. United States*, 433 U.S. 676, 53 L.Ed. 2d 1048 (1977); *United States v. Wilson*, 420 U.S. 332, 43 L.Ed. 2d 232 (1975).

In considering the federal cases, it is important to note that 18 U.S.C. § 3731 contains a clause that the section shall be liberally construed to effectuate its purposes. In contrast, North Carolina requires that statutes allowing the state to appeal must be strictly construed. *State v. Harrell, supra; State v. Horton, supra.*

Ordinarily in North Carolina an appeal will only lie from a final judgment. *Stanback v. Stanback*, 287 N.C. 448, 215 S.E. 2d 30 (1975); *Perkins v. Sykes*, 231 N.C. 488, 57 S.E. 2d 645 (1950). In criminal cases, there is no appeal as a matter of right from an interlocutory order. *State v. Black*, 7 N.C. App. 324, 172 S.E. 2d 217 (1970). An interlocutory order which does not put an end to the action is not appealable unless it seriously affects a substantial right. These cases do not involve appeals by the state, but there is no reason appeals by the state should be treated differently.

Case law in North Carolina has held that the state has no right of appeal from: an order of mistrial, *State v. Allen*, 279 N.C.

492, 183 S.E. 2d 659 (1971); a judgment granting a defendant a new trial for newly discovered evidence, *State v. Todd*, 224 N.C. 776, 32 S.E. 2d 313 (1944); an adjudication that certain duties of defendant under a probation judgment had ended, *State v. Mc-Collum*, 216 N.C. 737, 6 S.E. 2d 503 (1940); a determination that a suspended sentence could not be revoked, *State v. Cox*, 13 N.C. App. 221, 185 S.E. 2d 31 (1971). In all these cases, the orders attempted to be appealed were interlocutory and not final.

[1, 2]   The language in N.C.G.S. 15A-1445 allows the state to "appeal" from a "decision" or "judgment" dismissing a criminal charge. Appeal is defined in N.C.G.S. 15A-101(0.1): "Appeal.— When used in a general context, the term 'appeal' also includes appellate review upon writ of certiorari." Applying this definition to N.C.G.S. 15A-1445, we hold the word "appeal" in the statute includes "appellate review upon writ of certiorari." Otherwise, the legislature would have used such language as "the state shall have a right of appeal." By way of contrast, the legislature in setting out when a defendant may appeal, uses the phrase "is entitled to appeal as a matter of right." N.C. Gen. Stat. 15A-1444(a). Therefore, it becomes a matter of judicial interpretation whether "appeal" as used in the quoted portion of the statute means appeal as a matter of right, or appellate review upon writ of certiorari. The order which the state seeks to have reviewed in this case is an interlocutory order. It is a dismissal without prejudice, which does not bar further prosecution by the state. N.C. Gen. Stat. 15A-703. It does not finally dispose of the case or charge against defendant, and therefore, it is not appealable. *State v. Childs*, 265 N.C. 575, 144 S.E. 2d 653 (1965). "As a general rule an appeal will not lie until there is a final determination of the whole case." *Privette v. Privette*, 230 N.C. 52, 53, 51 S.E. 2d 925, 926 (1949). "It lies from an interlocutory order only when it puts an end to the action or where it may destroy or impair or seriously imperil some substantial right of the appellant." *Id.* at 53, 51 S.E. 2d at 926. The dismissal without prejudice did not destroy, impair, or seriously injure any substantial right of the state. It has the same right and power now to prosecute defendant for the alleged crime as it did prior to the return of the indictment. The state's position is analogous to that of a defendant whose motion to dismiss a criminal charge for violation of his right to a speedy trial has been denied. Such order is interlocutory and not

reviewable by appeal as a matter of right. *United States v. Mac-Donald*, 435 U.S. 850, 56 L.Ed. 2d 18 (1978); *State v. Black, supra; State v. Smith*, 4 N.C. App. 491, 166 S.E. 2d 870 (1969). In each instance, the case has not been finally disposed of and the order is interlocutory.

If the state is allowed to appeal as a matter of right such order dismissing a charge without prejudice, it would defeat the very principles of speedy trial which the statute seeks to protect. "[O]ne of the principal reasons for its [the Supreme Court of the United States] strict adherence to the doctrine of finality in criminal cases is that '[t]he Sixth Amendment guarantees a speedy trial.' *DiBella v. United States*, 369 U.S., at 126. Fulfillment of this guarantee would be impossible if every pretrial order were appealable." 435 U.S. at 861, 56 L.Ed. 2d at 28. In addition to the defendant's interests in a speedy trial, there are strong policy reasons to prevent the delay of criminal trials. Society has an interest in providing speedy trials for criminal defendants. *Barker v. Wingo*, 407 U.S. 514, 33 L.Ed. 2d 101 (1972). Delay may increase the cost of detention of defendants pending trial and extend the period in which defendants who are on bail may commit other crimes. The deterrent effect of convictions may be weakened by the passage of time. The lack of prompt redress for injuries and damages to innocent victims of crime is manifestly unfair. "There is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from interlocutory orders." *State v. Childs, supra* at 579, 144 S.E. 2d at 655.

We decline to enlarge pretrial delay by intruding upon accepted principles of finality to allow appeals by the state as a matter of right to review dismissals of criminal charges without prejudice for ̓violations of speedy trial rights. We hold the state must petition for writ of certiorari in order to seek appellate review of dismissal of criminal charges without prejudice for violation of a defendant's statutory speedy trial rights.

Because of our ruling on the state's method of appellate review, we do not discuss the merits of the case, and insofar as the questions attempted to be raised by the state are concerned, the appeal is dismissed.

The case, however, presents an important question requiring answer by this Court for the guidance of the bench and bar. Therefore, in our discretion, we treat the notice of appeal as a petition for writ of certiorari, and allow the writ for the sole purpose of resolving the question hereafter stated.

[3]   The question for resolution is: When does the 120-day (90 days beginning 1 October 1981) period begin to run under the Speedy Trial Act upon criminal charges being dismissed without prejudice for a violation of the Speedy Trial Act?

The statute itself is silent upon this question. Therefore, it is a proper question for judicial determination. In so doing, we must construe the statute to carry out the intent of the legislature. *In re Banks*, 295 N.C. 236, 244 S.E. 2d 386 (1978); *State v. Fulcher*, 294 N.C. 503, 243 S.E. 2d 338 (1978). In adopting the Speedy Trial Act the legislature enunciated a policy of appropriate promptness for the disposition of criminal cases. A legislative plan and timetable was established to effectuate this policy. In determining when the clock commences to run under the facts stated above, we should work within this legislative plan and timetable.

With these considerations in mind, we hold that where a criminal charge is dismissed without prejudice upon a defendant's motion under the Speedy Trial Act, the trial of the defendant upon further prosecution by the state must begin within 120 days (90 days beginning 1 October 1981) from the date the order is entered dismissing the charge without prejudice. It would be manifestly unfair to the state to refer back to the original start of the time period (usually the date of the original indictment), because a large portion of the time period ordinarily passes before a motion to dismiss is filed. *See* 30 A.L.R. 2d 466 (1953). 120 days (90 days beginning 1 October 1981) is not an unreasonable length of time within which to re-indict and begin the trial of a criminal charge after a dismissal without prejudice. We are aware that N.C.G.S. 15A-701(a)(5) requires that a retrial begin within 60 days after the action resulting in a new trial becomes final following appeal. But that section deals with a case that has been tried to a conclusion, and the parties are not faced with the same task of preparation for trial as in cases that have been dismissed without trial. We think the longer period is appropriate under the circumstances of this case.

Our holding here is consistent with this Court's opinion in *State v. Morehead*, 46 N.C. App. 39, 246 S.E. 2d 400 (1980). *Morehead* resolved the issue of when the clock begins to run for trial upon reversal of an erroneous dismissal of a criminal charge.

As the state did not have the benefit of this opinion at the time of the dismissal without prejudice in this case, we hold, for the purposes of this case only, that the time elapsing while this case has been on appellate review shall not be included in determining the 120-day period. Therefore, in this case the state shall have a period of 120 days from the date this opinion is certified to the superior court within which to begin the trial of defendant upon re-prosecution of this charge.

The case is remanded to the Superior Court of Alamance County.

Remanded.

Chief Judge MORRIS and Judge CLARK concur.