STATE v. ALBERT BOBBY CHILDS.

(Filed 10 November, 1965.)

**1. Appeal and Error § 32;   Criminal Law § 148—**
    Motion of the Attorney General to advance this case on the docket to hear the attempted appeal from a non-appealable interlocutory order is

allowed to preclude an unwarranted delay in the trial which might prove fatal to the prosecution of the case.

**2. Criminal Law § 141—**

Where, upon motion for change of venue for prejudice, the court denies the motion but orders or states that it will order a special venire from a designated county, G.S. 1-86, such interlocutory order is not appealable and an attempted appeal therefrom will be dismissed.

**3. Same—**

An interlocutory order which does not put an end to the action is not appealable unless it destroys, impairs, or seriously imperils a substantial right of defendant.

APPEAL by defendant from *Mallard, J.*, 23 August 1965 Criminal Session of BUNCOMBE, docketed as case No. 84, Spring Term 1966; docketed as case No. 94, Fall Term, 1965.

At the June 1965 Criminal Session of the Superior Court of Buncombe County defendant was duly arraigned on three indictments, the first one of which charged him on 27 May 1965 with the felony and capital offense of rape on Mrs. Carrie Waller, a female, a violation of G.S. 14-21; the second of which charged him in one count about twelve in the night of 27 May 1965 with burglary in the first degree in breaking into the dwelling house of Mrs. Carrie Waller, a violation of G.S. 14-51, and in a second count with the larceny on the same date from said dwelling house of one hundred dollars in money, the property of Mrs. Carrie Waller; and the third of which charged him in one count on 27 May 1965 with attempting by the use or threatened use of firearms and other dangerous weapons, whereby the life of Mrs. Carrie Waller was endangered and threatened, to rob Mrs. Carrie Waller of moneys and other personal property, a violation of G.S. 14-87, and in a second count on the same date with assaulting Mrs. Carrie Waller with deadly weapons, to wit, guns, pistols, clubs, with intent to kill, and inflicting upon her serious injuries not resulting in death, a violation of G.S. 14-32. Upon his arraignment defendant through his counsel informed the court that he would stand mute. Whereupon, the court, pursuant to the provisions of G.S. 15-162, ordered a plea of not guilty to be entered in behalf of defendant in all three cases. The cases were continued until a later session for trial.

At the 23 August 1965 Criminal Session defendant's three cases were called for trial. Before proceeding with the trial defendant's attorneys, Ruben Dailey and Robert Riddle, members of the Buncombe County Bar, filed with the court a written motion alleging that due to the wide publicity given by the daily papers in Asheville and by the radio in Asheville to the alleged offenses for which de-

fendant is under indictment, and to the contents of a psychiatric examination and evaluation concerning defendant's sanity, and due to the very extensive discussion of defendant's cases by residents of Buncombe County and of the western area of North Carolina, it is impossible for defendant to obtain a fair and impartial trial by jurors from Buncombe, Madison, Haywood, Henderson, Transylvania, Swain, Cherokee, Jackson, Polk, McDowell, Burke, Yancey, Avery, Mitchell, Rutherford, Clay, Graham, Macon, or Watauga Counties. Wherefore, defendant prays that the court in its discretion enter an order removing his cases for trial "to some other county outside the area served by the Buncombe County news media and one other than the counties mentioned in this motion." Defendant offered evidence in support of his motion, and the State offered evidence against it.

Judge Mallard entered an order finding as a fact that there is no evidence of any prejudice created against defendant by any news media or otherwise, that would prevent defendant from obtaining a fair and impartial trial in Buncombe County by a jury drawn as provided by law from McDowell County. Wherefore, Judge Mallard acting pursuant to G.S. 1-86, and upon his own motion, instead of making an order of removal from Buncombe County, recited in his order, "this court will by proper order cause as many jurors as may be necessary to select a fair and impartial jury to try the defendant to be summoned, as provided by law, from McDowell County."

From this order defendant appealed to the Supreme Court. Apparently no further proceedings were had after the appeal entries were made.

Defendant on 21 October 1965 filed in the office of the Clerk of this Court a statement of case on appeal to be heard at the Spring Term 1966 of the Supreme Court. Appeals from the superior court of Buncombe County for the Spring Term 1966 will be heard by this Court during the week of 15 February 1966.

On 22 October 1965 the Attorney General, at the request of the solicitor for the nineteenth solicitorial district, made a verified written motion in these cases that they be advanced on the docket for hearing, pursuant to Rule 13, Rules of Practice in the Supreme Court, 254 N.C. 783, 792, for the following reason: Mrs. Carrie Waller, the prosecutrix in these cases, is 72 years old; that due to the alleged rape and assault made upon her she has become very nervous and depressed and is rapidly losing weight; and there is grave doubt that she will live a sufficient length of time to testify at the trial of these cases if the trial of these cases is postponed until the spring of 1966; the cases from the Twenty-eighth Judicial District, in which district

Buncombe County is, will not be called until the Spring Term 1966.

On 28 October 1965 the Attorney General notified attorneys for the defendant that upon the call of appeals from the Tenth and Twentieth Districts on Tuesday, 2 November 1965, at 10 a.m. in the Justice Building, Raleigh, North Carolina, the State of North Carolina will move before the Supreme Court that the cases of *State of North Carolina v. Albert Bobby Childs* be advanced on the docket for the reason set forth in his written motion heretofore forwarded to them. Attorneys for defendant have filed no answer to the Attorney General's motion, so far as the records of this Court disclose.

*Attorney General T. W. Bruton for the State.*
*Ruben Dailey and Robert Riddle for defendant appellant.*

PER CURIAM. Pursuant to Rule 13, Rules of Practice in the Supreme Court, the Attorney General's motion is allowed.

Not every order or judgment of the superior court is immediately appealable to the Supreme Court. The statute, G.S. 1-277, regulates the practice in respect to when an order or judgment is subject to immediate review. This statute as construed and applied by numerous decisions of this Court is well analyzed and explained in detail by Ervin, J., in *Veazey v. Durham,* 231 N.C. 357, 57 S.E. 2d 377. It would serve no useful purpose to restate here the various propositions there elucidated. The order entered by Judge Mallard here is not a final judgment which disposes of these cases as to the State and the defendant, leaving nothing to be judicially determined between them in the trial court. The order entered by Judge Mallard is an interlocutory order and was made during the pendency of these cases, which does not dispose of these cases, but leaves them for further action by the trial court in order to settle and determine the whole controversy in these three cases between the State and defendant. In *Privette v. Privette,* 230 N.C. 52, 51 S.E. 2d 925, it is said: "As a general rule an appeal will not lie until there is a final determination of the whole case. [Citing cases.] It lies from an interlocutory order only when it puts an end to the action or where it may destroy or impair or seriously imperil some substantial right of the appellant." Judge Mallard's interlocutory order does not put an end to these cases, and it does not destroy or impair or seriously imperil any substantial right of this defendant, for the reason that defendant's remedy is to note an exception at the time of the entry of Judge Mallard's order, as he did, to be considered on appeal from

a final judgment adverse to defendant, if there is one. 2 McIntosh, North Carolina Practice and Procedure, 2d Ed., § 1782(3). See also *S. v. Scales,* 242 N.C. 400, 405, 87 S.E. 2d 916, 920; *Ponder v. Cobb,* 257 N.C. 281, 300, 126 S.E. 2d 67, 81. There is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from interlocutory orders. The appeal here is fragmentary and premature. In consequence, it falls under the ban of the general rule forbidding fragmentary and premature appeals from an interlocutory order, and must be dismissed. *Cowart v. Honeycutt,* 257 N.C. 136, 125 S.E. 2d 382.

Appeal dismissed.