State v. Thompson

No error.

Judges CLARK and ARNOLD concur.

STATE OF NORTH CAROLINA v. JIMMY THOMPSON

No. 8129SC1009

(Filed 16 March 1982)

1. Criminal Law § 21— denial of motion for return of evidence after finding of no probable cause

The trial court had authority pursuant to G.S. § 15-11.1(a) to retain money seized from defendant's premises pursuant to a valid search warrant even though the trial judge entered a finding of no probable cause at defendant's probable cause hearing. The court ordered that, if the District Attorney's office had not submitted bills of indictment against defendant to the grand jury on or before 31 July 1981, the $4360 was to be returned to the defendant, and on 28 July 1981 an indictment was returned against defendant.

2. Criminal Law § 146— no appeal from interlocutory order in criminal case

Defendant's appeal from an order denying defendant's request for the return of money seized from his premises after the trial judge found no probable cause at his probable cause hearing, was interlocutory and must be dismissed. The order did not destroy, impair, or seriously imperil a substantial right of the defendant, and the action of the trial judge was explicitly authorized by G.S. § 15-11.1(a).

APPEAL by defendant from *Owens, Judge*. Judgment entered 20 July 1981 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 2 March 1981.

On 7 May 1981, Detective Sgt. John Wilkins of the Forest City Police Department received information from a confidential source that the defendant was selling cocaine for $2000 per ounce at his place of business in Forest City. Sgt. Wilkins then placed into circulation through the confidential source $1000 in bills marked with fluorescent dust belonging to the City of Forest City.

Later that day, Sgt. Wilkins went to the defendant's place of business with a search warrant for money, cocaine and other drug related items. At this time, other officers of the Forest City Police Department had these premises under surveillance. When

Sgt. Wilkins entered the defendant's building, Ted Harris ran out, got in a car, and drove away. Officer Hal Greene of the Forest City Police Department pursued Harris, who threw a small plastic bag from the vehicle. This small plastic bag was found to contain approximately one ounce of the controlled substance cocaine.

Sgt. Wilkins searched the defendant's premises and person pursuant to the execution of the search warrant. The only controlled substance found on the premises was a small amount of marijuana. Sgt. Wilkins found $4,360 in United States currency on the defendant's person. Among these monies Sgt. Wilkins found the $1,000 in marked bills that he had placed in circulation. As a result of these events, the defendant was charged with the felonious conspiracy to possess the cocaine for purpose of sale and with the felony of possession of cocaine for purpose of sale. Ted Harris was charged with the felonies of conspiracy to possess cocaine with intent to sell and deliver and possession of cocaine.

On 3 July 1981 District Court Judge Thomas N. Hix presided over the defendant's probable cause hearing. When the State put on no evidence as to the charges against the defendant, Judge Hix entered a finding of no probable cause. The defendant's attorney then moved for the return of the $4,360 to the defendant, which motion was denied, and the defendant appealed to Superior Court.

On 20 July 1981 a hearing was held before Superior Court Judge Hollis M. Owens on the defendant's motion for the return of the $4,360.00. Judge Owens denied the defendant's motion upon a finding that the currency constituted evidence that the State may desire to offer in any prosecution against the defendant and/or Ted Harris. The court ordered that, if the District Attorney's office had not submitted bills of indictment against the defendant and/or Ted Harris to the grand jury on or before 31 July 1981, the $4,360 was to be returned to the defendant.

From the Superior Court's order of 20 July 1981, the defendant appealed to this Court.

*Attorney General Edmisten by Special Deputy Attorney General John R. B. Matthis and Associate Attorney John F. Maddrey, for the State.*

*George R. Morrow, for the defendant-appellant.*

MARTIN (Robert M.), Judge.

The defendant's sole argument on appeal is that the trial court erred in denying his motion for the return of the $4,360 seized by Officer Wilkins on 7 May 1981. We must disagree.

[1] In this case the money was seized from defendant pursuant to a valid search warrant. N.C. Gen. Stat. § 15-11.1(a) provides that a law enforcement officer shall safely keep property seized pursuant to lawful authority under the direction of the court for "as long as necessary to assure that the property will be produced at and may be used as evidence in *any* trial." (Emphasis added.) On 28 July 1981 an indictment was returned against defendant and the trials for defendant and Ted Harris are set for 10 March 1982 in Rutherford County. Clearly the trial court had the authority pursuant to N.C. Gen. Stat. § 15-11.1(a) to retain the money until the matter came on for trial.

[2] Moreover, the defendant's appeal is interlocutory and must be dismissed. In a criminal case there is no provision in N.C. Gen. Stat. § 7A-27 for an appeal to the Court of Appeals as a matter of right from an interlocutory order entered therein. *State v. Black,* 7 N.C. App. 324, 172 S.E. 2d 217 (1970). The order entered by Judge Owens is not a final judgment which disposes of the case between the State and the defendant, leaving nothing to be determined between them in the trial court. This order leaves the case for further action by the trial court in order to settle and determine the whole controversy between the State and the defendant. *State v. Childs,* 265 N.C. 575, 144 S.E. 2d 653 (1965). In *Privette v. Privette,* 230 N.C. 52, 53, 51 S.E. 2d 925, 926 (1949) the court said: "As a general rule an appeal will not lie until there is a final determination of the whole case. [Citations omitted.] It lies from an interlocutory order only when it puts an end to the action or where it may destroy or impair or seriously imperil some substantial right of the appellant." Judge Owens' interlocutory order does not put an end to this case. It does not destroy, impair, or seriously imperil a substantial right of the defendant; in fact, the action of the trial judge is explicitly authorized by N.C. Gen. Stat. § 15-11.1(a). Consequently this appeal is fragmentary and premature and falls under the bar of the general rule forbidding fragmentary and premature appeals from an interlocutory order. *State v. Childs, supra.*

For the foregoing reasons this appeal must be dismissed.

Appeal dismissed.

Judges MARTIN (Harry C.) and WHICHARD concur.