STATE OF NORTH CAROLINA v. GARY RAYMOND HENRY

No. 782PA85

(Filed 7 October 1986)

**Criminal Law § 150— interlocutory superior court order—no right of appeal**

Defendant may appeal an interlocutory superior court order reversing dismissal of criminal charges against him and remanding the cause to the district court only after a final judgment has been entered in the superior court. N.C.G.S. §§ 7A-27(b) (1981); 15A-1432(d) (1983); 15A-1444 (1983).

ON discretionary review of the decision of the Court of Appeals, reported without published opinion at 78 N.C. App. 635, 338 S.E. 2d 629 (1985), dismissing defendant's appeal from order entered by *Hobgood, J.,* at the 12 February 1985 session of the Superior Court, WAKE County, which reversed a dismissal by the WAKE County District Court of a charge of driving while impaired and remanded the cause for trial on the merits. Heard in the Supreme Court 10 September 1986.

O'Brien v. Plumides

*Lacy H. Thornburg, Attorney General, by Linda Ann Morris, Associate Attorney, for the State.*

*Crumpler & Scherer, by William B. Crumpler and Sally H. Scherer, for defendant appellant.*

PER CURIAM.

There is no provision for appeal to the Court of Appeals as a matter of right from an interlocutory order entered in a criminal case, *State v. Thompson,* 56 N.C. App. 439, 289 S.E. 2d 132 (1982); *State v. Black,* 7 N.C. App. 324, 172 S.E. 2d 217 (1970). Defendant may appeal the superior court order reversing dismissal of criminal charges against him and remanding the cause to the district court, "as in the case of other orders of the superior court," after a final judgment has been entered in the superior court. N.C.G.S. 7A-27(b) (1981); 15A-1432(d) (1983); 15A-1444 (1983).

Affirmed.