STATE OF NORTH CAROLINA v. JEÁN NICOLAS JOSEPH

No. 8812SC244

(Filed 6 December 1988)

**Criminal Law § 148— motion to dismiss based on claim of double jeopardy—denial of motion not appealable**

Defendant's appeal from the denial of his motion to dismiss based on his claim of double jeopardy was an attempt to appeal a non-appealable interlocutory order rendered in a criminal proceeding, and defendant could not appeal pursuant to N.C.G.S. § 1-277, which permits appeals of interlocutory orders which affect a substantial right, because N.C.G.S. § 15A-1444(d) limits criminal appeal procedures to those specified in N.C.G.S. § 15A-1441 *et seq.*, Chapter 7A, and the Rules of Appellate Procedure.

APPEAL by defendant from *Stephens (Donald W.), Judge.* Judgment entered 20 October 1987 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 28 September 1988.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Francis W. Crawley, for the State.*

*Harris, Sweeny & Mitchell, by Ronnie M. Mitchell, for defendant-appellant.*

GREENE, Judge.

Defendant was originally tried in superior court on counts of trafficking in cocaine and carrying a concealed weapon. On 10

September 1987, the trial court granted defendant's motion for a mistrial based upon a witness's reference to a statement by defendant which the trial court had previously suppressed. The trial court subsequently ordered the matter set for retrial; however, defendant moved to dismiss any retrial based upon his constitutional right to avoid double jeopardy. The trial court determined defendant was not entitled to dismissal of the charges based upon the prosecutor's conduct or otherwise and denied defendant's motion to dismiss. Defendant appeals the denial of his motion to dismiss based on his claim of double jeopardy. However, we dismiss defendant's appeal as an attempt to appeal a nonappealable interlocutory order rendered in a criminal proceeding.

The trial court's denial of defendant's motion to dismiss was not a final judgment since it did not "dispose . . . of [the case] as to the State and the defendant, leaving nothing to be judicially determined between them in the trial court." *State v. Childs*, 265 N.C. 575, 578, 144 S.E. 2d 653, 655 (1965) (per curiam); *see also* N.C.G.S. Sec. 15A-101(4)(a) (1988) (providing "judgment" is entered when sentence is pronounced); *Berman v. United States*, 302 U.S. 211, 212-13, 82 L.Ed. 204, 205 (1937) ("final judgment" in criminal case means "sentence"). The right to appeal from a criminal proceeding is not derived from the federal constitution but is instead a creature of statute. *Abney v. United States*, 431 U.S. 651, 656, 52 L.Ed. 2d 651, 657-58, 97 S.Ct. 2034 (1977) (holding right to appeal was not constitutional but allowing appeal of double jeopardy claim as collateral order under federal statute permitting appeal of final judgment or "decision"). Our own Supreme Court has similarly held that the right to appeal in this state is purely statutory. *State v. Blades*, 209 N.C. 56, 182 S.E. 714 (1935) (holding no right to appeal interlocutory order in criminal proceeding).

Unlike the federal statute permitting appeal of final "decisions" in *Abney*, we are aware of no statute in this state which provides for appeal of an interlocutory order rendered in a criminal proceeding under these circumstances. Section 15A-1444(d) states that the procedure for criminal appeals to the appellate division is that permitted by our own Rules of Appellate Procedure, Chapter 7A and Section 15A-1441 *et seq.* N.C.G.S. Sec. 15A-1444(d) (1988). Rule 3(a) of the North Carolina Rules of Appellate Procedure merely provides for appeal by "any party entitled by law to appeal from a judgment or order of a superior

court rendered in a criminal action." Section 7A-27 provides for appeal in criminal proceedings only from final judgments. N.C.G.S. Sec. 7A-27(a), (b) (1988) (providing for appeal of life and death sentences and from any "final judgment" of a superior court).

With one exception, Chapter 15A also only allows a defendant to appeal after a "final judgment." Sec. 15A-1444(a) (if plead not guilty, may appeal conviction as matter of right); Sec. 15A-1444(a1) (can only appeal sentence as matter of right if exceeds presumptive term). A recent amendment to Section 15A-1432(d) does permit a defendant to maintain an interlocutory appeal of a superior court's reversal of a district court's dismissal of criminal charges. N.C.G.S. Sec. 15A-1432(d) (1988) (effective 1 October 1987). However, this statute is not applicable to defendant's appeal since by its terms Section 15A-1432(d) only applies to instances where the superior court reverses a dismissal of criminal charges by the district court: in this case, the superior court simply declared a mistrial requiring another trial in superior court.

Thus, there is under these circumstances no statutory right for defendant to conduct an interlocutory appeal of the superior court's denying his motion to dismiss these charges based on double jeopardy. We note some confusion in recent decisions of this court as to the relevance of Section 1-277 which permits appeals of interlocutory orders which affect a substantial right "from every judicial order or determination of a judge of a superior or district court . . . ." N.C.G.S. Sec. 1-277(a) (1983); see, e.g., State v. Major, 84 N.C. App. 421, 422, 352 S.E. 2d 862, 863 (1987); State v. Montalbano, 73 N.C. App. 259, 260, 326 S.E. 2d 634, 635, disc. rev. denied, 313 N.C. 608, 332 S.E. 2d 182 (1985); State v. Jones, 67 N.C. App. 413, 415, 313 S.E. 2d 264, 266 (1984) (holding denial of defendant's motion to dismiss on double jeopardy ground did not affect a substantial right); but see State v. Black, 7 N.C. App. 324, 172 S.E. 2d 217 (1970) (no statutory right to interlocutory criminal appeal).

The source of this confusion is an earlier pair of decisions by our Supreme Court which have since been superseded by the enactment of Section 15A-1444(d) and by more recent Supreme Court decisions. In Childs, our Supreme Court applied Section

1-277 in holding an appeal from a motion to dismiss a criminal proceeding did not affect a substantial right. 265 N.C. at 578, 144 S.E. 2d at 653. The Court subsequently determined an interlocutory appeal from a preliminary adjudication of the obscenity of materials seized by police in *State v. Bryant*, 280 N.C. 407, 185 S.E. 2d 854 (1972). Although the *Bryant* Court cited the *Childs* proposition that an interlocutory appeal would lie if defendant's substantial right was impaired, it noted defendant could also appeal the lower court's lack of personal and subject matter jurisdiction and in fact based its decision on that lack of jurisdiction. *Id.*

While the denial of defendant's double jeopardy claim would presumably affect a "substantial right" under *Abney*, the enactment of Section 15A-1444(d) subsequent to *Childs* and *Bryant* precludes defendant's resort to any "substantial right" analysis under Section 1-277 since Section 15A-1444(d) limits criminal appeal procedures to those specified in Section 15A-1441 *et seq.*, Chapter 7A and the Rules of Appellate Procedure. Despite its earlier decisions in *Childs* and *Bryant*, our Supreme Court now limits its analysis of the appeal of interlocutory criminal orders to those sources of appellate rights set forth in Section 15A-1444(d). *E.g., State v. Henry*, 318 N.C. 408, 348 S.E. 2d 593 (1986) (dismissing interlocutory criminal appeal as nonappealable under Chapter 7A and Chapter 15A). We note Section 7A-27(e) does permit an appeal "from any other order or judgment of the superior court from which an appeal is authorized by statute." It may be argued Section 7A-27(e) thus permits resort to a "substantial right" analysis under Section 1-277(a). However, except as the Legislature has amended Section 15A-1432(d) since *Henry* was decided, we are bound by the *Henry* Court's unqualified statement that "there is no provision for appeal to the Court of Appeals as a matter of right from an interlocutory order entered in a criminal case." 318 N.C. at 409, 348 S.E. 2d at 593.

Thus, in light of the Legislature's subsequent enactment of Section 15A-1444(d) and our Supreme Court's decision in *Henry*, we conclude the statutory basis for the holding in *Childs* and the dictum in *Bryant*—Section 1-277—is no longer relevant to the appeal of interlocutory orders in criminal proceedings. Accordingly, we decline to follow *Jones, Major* and *Montalbano* insofar as they might allow interlocutory appeals in criminal proceedings based on *Childs, Bryant* or Section 1-277. We therefore dismiss defend-

ant's appeal as an attempt to appeal an interlocutory order entered in a criminal proceeding where such appeal is not permitted by statute.

Appeal dismissed.

Judges ORR and SMITH concur.