## STATE v. MONROE

[102 N.C. App. 567 (1991)]

---

STATE OF NORTH CAROLINA v. BOBBY JEFFREY MONROE

No. 9016SC784

(Filed 16 April 1991)

**Appeal and Error § 81 (NCI4th)— motion for appropriate relief for newly-discovered evidence—new trial granted—State's appeal—interlocutory**

An order granting defendant a new trial for newly-discovered evidence was not appealable because the order left the case open for further action by the trial court. N.C.G.S. § 15A-1445(a)(2).

**Am Jur 2d, Appeal and Error § 123.**

**Appeal by state of order granting new trial in criminal case. 95 ALR3d 596.**

Judge PARKER concurs in the result only.

Judge COZORT dissenting.

APPEAL by the State from order entered 21 March 1990 in ROBESON County Superior Court by *Judge Coy E. Brewer, Jr.* Heard in the Court of Appeals 23 January 1991.

*Lacy H. Thornburg, Attorney General, by Doris J. Holton, Assistant Attorney General, for the State.*

*Murray, Regan and Regan, by Cabell J. Regan, for defendant-appellee.*

GREENE, Judge.

The State appeals the trial court's order entered 21 March 1990 granting the defendant's motion for appropriate relief.

The defendant was tried and convicted by a jury of robbery with a firearm at the 21 June 1989 Criminal Session of Robeson County Superior Court. The defendant gave notice of appeal on 26 June 1989. On 12 December 1989, the State filed a motion to dismiss the defendant's appeal. On 19 December 1989, the defendant filed a motion for appropriate relief pursuant to N.C.G.S. § 15A-1415 (1988) on the ground of newly discovered evidence. On 21 March 1990, the trial court granted the defendant's motion and ordered a new trial.

The dispositive issue is whether the State may appeal this new trial order.

"As a general rule the state cannot appeal from a judgment in favor of a defendant in a criminal case, in the absence of a statute clearly conferring that right." *State v. Ward*, 46 N.C. App. 200, 202, 264 S.E.2d 737, 738-39 (1980); *cf. State v. Joseph*, 92 N.C. App. 203, 204, 374 S.E.2d 132, 133 (1988), *cert. denied*, 324 N.C. 115, 377 S.E.2d 241 (1989) (defendant cannot appeal denial of his motion to dismiss). The statute which authorizes the State's appeal in this case is N.C.G.S. § 15A-1445(a)(2) (1988). It reads in pertinent part:

(a) Unless the rule against double jeopardy prohibits further prosecution, the State may appeal from the superior court to the appellate division:

(1) When there has been a decision or judgment dismissing criminal charges as to one or more counts.

(2) Upon the granting of a motion for a new trial on the ground of newly discovered or newly available evidence but only on questions of law.

. . . .

Our courts must strictly construe statutes which allow the State to appeal in criminal cases. *Ward*, 46 N.C. App. at 203, 264 S.E.2d at 739.

"Ordinarily in North Carolina an appeal will only lie from a final judgment." *Id.; Joseph*, 92 N.C. App. at 204-05, 374 S.E.2d at 133-34; N.C.G.S. § 7A-27(b) (1989) (appeal allowed from superior court to Court of Appeals from final judgment). A final judgment is a judgment which disposes of the case "as to the State and the defendant, leaving nothing to be judicially determined between them in the trial court." *State v. Childs*, 265 N.C. 575, 578, 144 S.E.2d 653, 655 (1965).

Here, the trial court's order of new trial on the basis of newly discovered evidence is interlocutory and not final because the order "leaves the case for further action by the trial court. . . ." *State v. Thompson*, 56 N.C. App. 439, 441, 289 S.E.2d 132, 133 (1982); *Ward*, 46 N.C. App. at 203-05, 264 S.E.2d at 739-40 (state's appeal pursuant to N.C.G.S. § 15A-1445(a)(1) of order dismissing criminal charges without prejudice held interlocutory). Except as otherwise provided by statute, "[t]here is no provision for appeal to the Court of Appeals as a matter of right from an interlocutory order entered in a criminal case . . . ." *State v. Henry*, 318 N.C. 408, 409, 348 S.E.2d 593, 593 (1986); *Joseph*, 92 N.C. App. at 206, 374 S.E.2d at 134; *see* N.C.G.S. § 7A-27(d) (1989) (appeal from interlocutory order granting new trial limited to civil actions); N.C.G.S. § 15A-979(c) (1988) (appeal by state prior to trial of a superior court order granting motion to suppress); N.C.G.S. § 15A-1432(d) (1988) (defendant may appeal interlocutory order entered by superior court finding error in district court's dismissal of criminal charges). Accordingly, the order granting the defendant a new trial is not appealable and this appeal is

Dismissed.

Judge PARKER concurs in the result only.

Judge COZORT dissents.

Judge COZORT dissenting.

I read N.C. Gen. Stat. § 15A-1445(a)(2) (1988) to provide for an immediate right of appeal by the State if the trial court grants defendant's motion for a new trial on the ground of newly discovered evidence. In my view, allowing an immediate appeal in this specific situation to determine whether a new trial should be conducted promotes judicial economy.

Thus, instead of dismissing the appeal, I would consider the merits of the appeal. On the merits, I affirm the trial court's discretionary decision to grant a new trial.