STATE v. BARNES

[109 N.C. App. 485 (1993)]

———————————

STATE OF NORTH CAROLINA v. TONY BARNES, DEFENDANT

————————

STATE OF NORTH CAROLINA v. RAY KANICKI, DEFENDANT

No. 915SC1042

(Filed 6 April 1993)

**Appeal and Error § 88 (NCI4th)— denial of motion to remand — interlocutory order—dismissal proper**

Defendants' appeal from an order denying their motion to remand to district court for entry of appropriate judgment is dismissed, since it is an appeal from an interlocutory order.

**Am Jur 2d, Appeal and Error §§ 47 et seq.; §§ 50 et seq.**

**Comment note: Formal requirements of judgment or order as regards appealability. 73 ALR2d 250.**

STATE v. BARNES

[109 N.C. App. 485 (1993)]

Appeal by defendants from order entered 9 May 1991 by Judge James D. Llewellyn in New Hanover Superior Court. Heard in the Court of Appeals 13 January 1993.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Evia L. Jordan, for the State.*

*James K. Larrick for Tony Barnes, and Herbert P. Scott for Ray Kanicki, defendant appellants.*

COZORT, Judge.

Defendants appeal from the superior court's order denying defendants' motion to remand to district court for entry of appropriate judgment. We dismiss the appeal.

On 6 November 1990, New Hanover County District Court Judge Charles E. Rice, III, found each defendant guilty of two counts of simple assault. Each defendant received two thirty-day active sentences to run consecutively. Both defendants appealed both judgments to the superior court. On 7 December 1990, defendants filed a motion in superior court for remand to district court for entry of appropriate judgment. At the motion hearing, defendants argued that the district court had originally imposed two-day active sentences on the first counts and entered prayers for judgment continued (PJCs) on the second counts. When defendants gave notice of appeal from the two-day active sentences, Judge Rice changed the two-day active sentences to thirty-day active sentences and changed the PJCs to thirty-day active sentences. Defendants withdrew their motion for remand as to the first counts, but not as to the second counts and sought to have the second counts remanded to the district court for the imposition of the PJCs.

By order dated 9 May 1991 and amended on 29 May 1991, Judge James Llewellyn found: the judgments entered on the record appeared to be regular; that defendants withdrew the motion for remand as to the first counts of assault and their convictions on those counts were before the superior court for trial de novo; that as to the judgments on the second counts, defendants had failed to show that there was any irregularity on the record upon which relief could be granted. On 6 June 1991, defendants gave notice of appeal from Judge Llewellyn's order.

Although neither party raises the issue, it is our duty to dismiss appeals which are prematurely before this Court. "There is no

STATE. v. BARNES

[109 N.C. App. 485 (1993)]

provision for appeal to the Court of Appeals as a matter of right from an interlocutory order entered in a criminal case." *State v. Henry*, 318 N.C. 408, 409, 348 S.E.2d 593, 593 (1986). Defendants appeal from an order denying their motion to remand the judgments on the second counts. The order is interlocutory because it does not dispose of the case; it leaves further action for determination. Defendants appealed as a matter of right from the judgments entered in district court to the superior court for a trial de novo. Therefore, the cases involved in this appeal remain before the superior court for trial de novo. Defendants may appeal to this Court after final judgment is entered.

The appeals are

Dismissed.

Judges WELLS and LEWIS concur.