STATE OF NORTH CAROLINA v. KENNETH FORREST NICHOLS

No. COA99-1358

(Filed 21 November 2000)

**Appeal and Error— appealability—order reinstating dismissed charge—interlocutory order**

> A defendant's appeal from the superior court's order reinstating the dismissed charge of assault on a female in violation of N.C.G.S. § 14-33(c)(2) and remanding the case to district court to be tried on the merits is dismissed because: (1) the order is interlocutory; and (2) although there is a statutory exception for interlocutory criminal appeals under N.C.G.S. § 15A-1432(d), there is nothing in the record to show that defendant or his attorney certified to the superior court that the appeal was not being taken for the purpose of delay, nor does the superior court's order reflect that it found defendant's cause was appropriately justiciable in the appellate division as an interlocutory matter.

Appeal by defendant from an order entered 29 September 1999 by Judge James U. Downs in Catawba County Superior Court. Heard in the Court of Appeals 11 October 2000.

*Attorney General Michael F. Easley, by Associate Attorney General Christopher W. Brooks, for the State.*

*The Law Firm of J. Richardson Rudisill, Jr., by John M. Lewis, for defendant-appellant.*

HUNTER, Judge.

Kenneth Forrest Nichols ("defendant") appeals the superior court's order, reinstating the dismissed charge of assault on a female

against him, on the basis that the statute allegedly violated is unconstitutional under the Equal Protection Clause of the 14th Amendment to the United States Constitution. Because the superior court's order is interlocutory and defendant has failed to meet the statutory requirements for appealing the interlocutory criminal order, we dismiss defendant's appeal and thus remand the case to the district court for trial.

In its brief to this Court, the State objects to defendant's statement of facts "because such a statement is not based on the record as it now stands[,]" due to the fact that defendant's case has not been tried on the merits. We find that the underlying facts regarding how defendant came to be charged with assault on a female are insignificant to the determination of his appeal. Therefore, we deal only with the issue at hand and the facts pertinent to that issue. On 23 February 1999, defendant was charged with assault on a female in violation of N.C. Gen. Stat. § 14-33(c)(2) (1999). In response, defendant's counsel filed a motion in district court to dismiss on the grounds that the statute was unconstitutional on its face because it deprived defendant of equal protection under the law by "providing additional protection for the females of this State." On 15 April 1999 following a hearing on defendant's motion, Catawba County District Court Judge Robert M. Brady allowed defendant's motion to dismiss and entered an order quashing the misdemeanor warrant against defendant, finding that the statute is facially unconstitutional. The State appealed to the superior court. On 29 September 1999 following a hearing on the matter, Superior Court Judge James U. Downs entered an order overruling the district court's finding that the statute is unconstitutional on its face. Judge Downs reinstated the charge against defendant and remanded the case back to the district court for trial. Defendant appeals.

The issue before this Court is whether the superior court committed reversible error by overruling the district court's order and finding that N.C. Gen. Stat. § 14-33(c)(2) does not violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. However, we do not reach the merits of defendant's claim because we must grant the State's motion to dismiss on the grounds that defendant's appeal is interlocutory.

"[A]n order is interlocutory if it does not determine the issues in an action, but instead merely directs some further proceeding preliminary to the final decree." *Collins v. Talley*, 135 N.C. App. 758, 759, 522 S.E.2d 794, 796 (1999). Additionally, "[t]he right to appeal in a

STATE v. NICHOLS

[140 N.C. App. 597 (2000)]

criminal proceeding is purely statutory. Generally, there is no right to appeal in a criminal case except from a conviction or upon a plea of guilty." *State v. Shoff*, 118 N.C. App. 724, 725, 456 S.E.2d 875, 876, *appeal dismissed and disc. review allowed in part*, 340 N.C. 572, 460 S.E.2d 328 (1995), *aff'd*, 342 N.C. 638, 466 S.E.2d 277 (1996) (citation omitted). Thus, in the case *sub judice*, where the superior court reinstated the charge against defendant and remanded the case back to the district court to be tried on the merits, defendant's appeal is interlocutory because it is not from a final judgment against him. Therefore, in order for this Court to review the merits of defendant's appeal, we must find that defendant has a statutory right to be here. *Id. (See also, State v. Black*, 7 N.C. App. 324, 328, 172 S.E.2d 217, 219-20 (1970)). However, we do not so find.

In response to the State's motion to dismiss, defendant argues that his appeal falls under an exception pursuant to N.C. Gen. Stat. § 15A-1432(d) (1999). Thus, defendant contends that his appeal is properly before this Court. We agree that there is a statutory exception for interlocutory criminal appeals under N.C. Gen. Stat. § 15A-1432(d) (1999) which reads:

> (d) If the superior court finds that a judgment, ruling, or order dismissing criminal charges in the district court was in error, it must reinstate the charges and remand the matter to district court for further proceedings. *The defendant may appeal this order to the appellate division* as in the case of other orders of the superior court, including by an interlocutory appeal *if the defendant, or his attorney, certifies to the superior court judge who entered the order that the appeal is not taken for the purpose of delay and if the judge finds the cause is appropriately justiciable in the appellate division as an interlocutory matter.*

*Id.* (emphasis added). Therefore, if the record before us reflects that defendant met the requirements for appealing under the statute, defendant would be correct that his appeal is properly before this Court. However, the record does not so reflect. In fact, there is nothing in the record before this Court to show that "defendant, or his attorney, certifie[d] to the superior court . . . that the appeal [wa]s not [being] taken for the purpose of delay . . . ." *Id.* Neither does the superior court's order reflect that it found defendant's cause was "appropriately justiciable in the appellate division as an interlocutory matter." *Id.*

Therefore, since defendant has not met the statutory requirements for bringing his interlocutory appeal before this Court, the appeal is dismissed. Defendant's alternative request that his appeal be treated as a petition for writ of certiorari is denied.

Dismissed.

Judges LEWIS and WYNN concur.