STATE OF NORTH CAROLINA v. PRESTON SMITH

No. COA03-758

(Filed 6 July 2004)

**1. Appeal and Error— appealability—interlocutory order—N.C.G.S. § 15A-1432(d) exception**

Although an appeal from the superior court's reversal and remand of a district court order dismissing defendant's probation violation is an appeal from an interlocutory order and ordinarily not appealable, N.C.G.S. § 15A-1432(d) provides an exception because: (1) the superior court determined that the district court's order dismissing the probation violation was erroneous and remanded the matter back to the district court for further proceedings; (2) defendant's attorney certified to the superior court judge that the appeal was not taken for the purpose of delay, and the superior court judge found that the cause was appropriately justiciable in the appellate division as an interlocutory matter; and (3) a probation revocation hearing is sufficiently analogous to the dismissal of criminal charges for the purposes of this statute.

**2. Probation and Parole— probation violation report—timeliness**

The superior court erred in a probation violation case by concluding that the State's violation report was timely, because: (1) the State's probation revocation complaint was not filed prior to the expiration of defendant's probation term as required by N.C.G.S. § 15A-1344(f)(1); and (2) defendant's probation was not stayed while defendant appealed his conviction from district court to superior court.

Appeal by defendant from order entered 13 March 2003 by Judge James U. Downs in Buncombe County Superior Court. Heard in the Court of Appeals 3 March 2004.

**STATE v. SMITH**

[165 N.C. App. 256 (2004)]

*Attorney General Roy Cooper, by Assistant Attorney General Kathleen U. Baldwin, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Barbara S. Blackman, for defendant appellant.*

McCULLOUGH, Judge.

On 6 December 2000, defendant Preston Smith was found guilty of assault on a female in Buncombe County District Court. Defendant's sentence of ninety days in prison was suspended, and defendant was placed on supervised probation for twelve months. Defendant appealed to superior court and was later allowed to withdraw the appeal. The case was remanded to district court for immediate execution of the judgment.

On 24 January 2002, defendant's probation officer, Liz McCurry, filed a probation violation report. McCurry asserted that defendant violated the terms of his probation by failing to pay his probation supervision fee and by committing the offense of felony larceny.

The Honorable Gary S. Cash considered the issue of defendant's probation violation on 29 January 2003. Judge Cash dismissed the probation violation because the State failed to file a violation report before the expiration of the probation period. The State appealed this order on 31 January 2003, but voluntarily dismissed the appeal.

On 6 March 2003, the State filed a petition for writ of certiorari in Buncombe County Superior Court seeking review of Judge Cash's order. The State amended its petition on 7 March 2003 and filed a memorandum in support of the petition.

On 10 March 2003, defendant filed a motion to dismiss the petition for writ of certiorari and a response to the petition. The Honorable James U. Downs granted the State's petition and remanded the matter to district court for further proceedings. Judge Downs also determined that when a defendant appeals his case from district court to superior court and later remands his case back to the district court, the date of remand starts the judgment.

Defendant appeals. On appeal, defendant argues that the trial court erred in determining that the State's petition was timely filed. We agree and reverse the decision of the superior court.

## I. State's Motion to Dismiss

**[1]** As a preliminary matter, we must consider whether the appeal is properly before this Court. Under N.C. Gen. Stat. § 1A-1, Rule 54(a) (2003), a judgment is either final or interlocutory. Our Supreme Court has explained this distinction:

> A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.

*Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). The right to appeal in a criminal proceeding is purely statutory. *State v. Nichols*, 140 N.C. App. 597, 598-99, 537 S.E.2d 825, 826 (2000). Generally, "[t]here is no provision for appeal to the Court of Appeals as a matter of right from an interlocutory order entered in a criminal case[.]" *State v. Henry*, 318 N.C. 408, 409, 348 S.E.2d 593, 593 (1986).

In this case, the superior court reversed and remanded the district court's order dismissing defendant's probation violation. This order is not a final judgment because it does not dispose of the matter as to all the parties, leaving nothing to be judicially determined between them in the trial court. Instead, the order is interlocutory because the lower court must take further action to settle the dispute. As we have stated, interlocutory orders entered in criminal cases are generally not appealable in this Court. *Id.* Therefore, this appeal should be dismissed unless an exception applies.

N.C. Gen. Stat. § 15A-1432(d) (2003) provides such an exception:

> If the superior court finds that a judgment, ruling, or order *dismissing criminal charges* in the district court was in error, it must reinstate the charges and remand the matter to district court for further proceedings. The defendant may appeal this order to the appellate division as in the case of other orders of the superior court, including by an interlocutory appeal if the defendant, or his attorney, certifies to the superior court judge who entered the order that the appeal is not taken for the purpose of delay and if the judge finds the cause is appropriately justiciable in the appellate division as an interlocutory matter.

(Emphasis added.)

STATE v. SMITH

[165 N.C. App. 256 (2004)]

We believe that this statute applies to the present case. Here, the superior court determined that the district court's order dismissing the probation violation was erroneous and remanded the matter back to the district court for further proceedings. Defendant also met the other requirements of the statute. His attorney certified to the superior court judge that the appeal was not taken for the purpose of delay, and the superior court judge found that the cause was appropriately justiciable in the appellate division as an interlocutory matter.

We also wish to clarify that a probation revocation hearing is sufficiently analogous to the dismissal of criminal charges for the purposes of this statute. In its brief, the State (the party which would be aggrieved by such an interpretation) acknowledges that:

> While a probation revocation hearing is not technically a full criminal prosecution, it is undeniably a part of the criminal process. Probationers receive a variety of due process protections. Final revocation of probation must be preceded by a hearing. . . .
>
> Violation of probation can result in arrest for such violation [under] N.C.G.S. § 15A-1345(a) (2001), and a preliminary hearing is generally required, just as in conventional criminal prosecutions. N.C.G.S. § 15A-1345(c). . . .
>
> *For these reasons, the State argues that the dismissal of the instrument bringing a probationer back to the court for possible revocation of probation and activation of a sentence of imprisonment is sufficiently akin to the dismissal of criminal charges . . . .*

(Emphasis added.) Because we have the authority to hear this case under N.C. Gen. Stat. § 15A-1432(d), the State's motion to dismiss is denied.[1] We turn to consider the merits of the case.

II. Failure to Timely File the Probation Violation Report

[2] Defendant argues that the superior court erred in making its determination on the timeliness of the probation violation report. We agree.

---

1. Alternatively, we note that this Court has the authority to hear this case even if N.C. Gen. Stat. § 15A-1432(d) does not apply. Under N.C.R. App. P. 21(a)(1) (2004), writs of certiorari "permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost [because] no right of appeal from an interlocutory order exists[.]" This provision allows us to hear interlocutory criminal appeals like the one in the case at bar.

" 'When a sentence has been suspended and defendant placed on probation on certain named conditions, the court may, *at any time during the period of probation*, require defendant to appear before it, inquire into alleged violations of the conditions, and if found to be true, place the suspended sentence into effect.' " *State v. Hicks*, 148 N.C. App. 203, 204, 557 S.E.2d 594, 595 (2001) (citation omitted). However, *after the period of probation has ended*, a court may revoke probation only if a probation revocation complaint is filed prior to the expiration of the probation term. N.C. Gen. Stat. § 15A-1344(f)(1) (2003).

In this case, defendant was placed on twelve months' probation on 6 December 2000. The revocation complaint was filed on 29 January 2002. Thus, the complaint was filed more than twelve months from the date of sentencing.

The State argues that the complaint was timely filed because defendant's probation was stayed while defendant appealed his conviction from district court to superior court. We disagree with this contention. Under N.C. Gen. Stat. § 15A-1431(f) (2003):

Appeal pursuant to this section stays the execution of portions of the judgment relating to fine and costs. Appeal stays portions of the judgment relating to confinement when the defendant has complied with conditions of pretrial release. If the defendant cannot comply with conditions of pretrial release, the judge may order confinement in a local confinement facility pending the trial de novo in superior court.

This statute provides that the only portions of a district court sentence stayed by an appeal are fines, costs, and terms of imprisonment if the defendant has complied with pretrial conditions of release. "If ordinary probation is involved, the defendant begins serving the probation despite the appeal[.]" *See* Stevens H. Clarke, *Law of Sentencing, Probation, and Parole in North Carolina*, p. 124 (Institute of Gov't 2d ed. 1997).

This provision should not be confused with N.C. Gen. Stat. § 15A-1451 (2003), the section that deals with appeals from superior court to the appellate courts. When a defendant appeals from superior court to the appellate courts, probation is stayed. N.C. Gen. Stat. § 15A-1451(a)(4). Since the legislature specifically delineated that probation is stayed in this section and did not do so in N.C. Gen. Stat.

§ 15A-1431(f), this reveals a deliberate decision not to stay probation when a defendant appeals district court decisions to the superior court. Plaintiff's suggestion that defendant's probation was stayed is without merit.

Because the State's probation revocation complaint was not filed prior to the expiration of defendant's probation term, the State failed to comply with N.C. Gen. Stat. § 15A-1344(f)(1). Furthermore, since defendant's probation was not stayed while defendant appealed his conviction from district court to superior court, the State has not shown that its complaint was timely filed. Therefore, the district court was correct in dismissing the probation violation, and the superior court erred in reinstating the charges. The order of the superior court is

Reversed.

Judges BRYANT and ELMORE concur.