**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4596**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KINTE LADRELL FISHER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (CR-03-5)

Argued:  October 29, 2004          Decided:  January 4, 2005

Before NIEMEYER and LUTTIG, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Geoffrey Wuensch Hosford, HOSFORD & HOSFORD, Wilmington, North Carolina, for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:** Frank D. Whitney, United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant Kinte Ladrell Fisher pled guilty to two counts of possessing cocaine with intent to distribute and one count of possessing cocaine base with intent to distribute. J.A. 9-10, 12-32. At sentencing, the district court rejected Fisher's claims that the Presentence Investigation Report ("PSR") had improperly assigned criminal history points for his April 26, 2001 conviction for resisting a public officer, J.A. 95-96, and that the PSR had miscalculated the drug quantities that he was "accountable for." Id. at 108, 95-96. We affirm.

I.

On April 26, 2001, prior to the commission of the drug offenses at issue in this appeal, Fisher was convicted in North Carolina state court of resisting a public officer. J.A. 110. Fisher appealed pursuant to North Carolina Statute section 15A-1431(b), which entitled Fisher to a de novo jury trial in the superior court. Fisher was awaiting his jury trial at the time he was sentenced.

The PSR assigned Fisher three criminal history points based on the sentence that the state court imposed for Fisher's conviction for resisting a public officer. J.A. 110. The three criminal history points were allocated as follows: one point, pursuant to USSG § 4A1.1(c), for the "prior sentence" attendant to Fisher's

-2-

conviction of resisting a public officer, and two points, pursuant to section 4A1.1(d), for commission of the instant drug offenses while Fisher was "under the 12 month probation term" that the state district court imposed for his resisting a public official conviction. J.A. 110. Fisher objected, claiming that since his conviction was subject to a de novo jury trial in state superior court and, according to Fisher, that his sentence was suspended pending the outcome of that proceeding, his sentence could not be counted as a "prior sentence" under section 4A1.1. J.A. 119. The Probation Officer's response, apparently adopted by the district court, was that Fisher's objection was foreclosed by section 4A1.2(l), which provides that "[i]n the case of a prior sentence, the execution of which has been stayed pending appeal, § 4A1.1(a), (b), (c), (d), and (f) shall apply as if the execution of such sentence had not been stayed." J.A. 119.

The probation officer's interpretation of section 4A1.2(l) in the context of an "appeal" from a North Carolina district court to superior court, however, was foreclosed by recent circuit precedent. In United States v. Martin, 378 F.3d 353 (4th Cir. 2004), we held that such "appeals" are not "appeals" within the meaning of section 4A1.1(l) because "in 'appealing' from the North Carolina district court to superior court, Martin did not seek (and indeed could not seek) review of the district court proceeding or disposition; rather she requested (and was only entitled to

-3-

request), a trial de novo irrespective of the proceedings or disposition in the inferior court." Id. at 357–58.

Despite the PSR's faulty analysis, the parties agreed at oral argument that Martin dictated that Fisher was correctly assigned one criminal history point pursuant to section 4A1.1(c). This agreement was apparently based upon Martin's determination that, because the sentence imposed by the North Carolina district court in that case had been "totally stayed" when Martin appealed to the superior court, id. at 358, Martin's sentence fell under section 4A1.2(a)(3), which provides that "a conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)." (emphasis added). Prior sentences considered under section 4A1.1(c) receive a single criminal history point and, indeed, the PSR appears to have relied upon that section for its recommendation of a single criminal history point for Fisher's resisting a public official conviction. J.A. 110.

While we ultimately hold that Fisher was correctly assigned one criminal history point pursuant to section 4A1.1(c), we cannot do so based on the parties' proposed reading of Martin. Simply put, Fisher's sentence was not totally stayed when he appealed to the superior court, and thus section 4A1.2(a)(3) is inapplicable. As we did in Martin, we consult North Carolina law to "determine[] the effect of the state court's sentence." Martin, 378 F.3d at

-4-

358. The relevant state statutory provision provides as follows:

> Appeal pursuant to this section stays the execution of <u>portions</u> of the judgment relating to fines and costs. Appeal stays <u>portions</u> of the judgment relating to confinement when the defendant has complied with conditions of pretrial release . . . .

N.C. Gen. Stat. § 15A-1431(f) (emphasis added). Contrary to appellant's representation, and as the emphasized portions of the statute make clear, an appeal from the district court to the superior court only stays the "portions" of the sentence relating to fines, costs, and confinement. Because Martin's sentence had only one element, namely "sixty days imprisonment," <u>Martin</u>, 378 F.3d at 354, her sentence was totally stayed under the statute. Here, however, Fisher's sentence included -- in addition to costs and confinement -- twelve months of probation, J.A. 110, which was <u>not</u> stayed when he appealed. <u>See</u> <u>State</u> v. <u>Smith</u>, 598 S.E.2d 408, 411 (N.C. Ct. App. 2004) ("This statute [N.C. Gen. Stat. § 15A-1431(f)] provides that the only portions of a district court sentence stayed by an appeal are fines, costs, and terms of imprisonment if the defendant has complied with pretrial conditions of release. 'If ordinary probation is involved, the defendant <u>begins serving the probation despite the appeal</u>.'") (quoting Stevens H. Clarke, <u>Law of Sentencing, Probation, and Parole in </u>

<u>North Carolina</u>, p. 124 (Institute of Gov't 2ded. 1997)) (emphasis added).[1]

Fisher's sentence is therefore a "prior sentence" under section 4A1.2(a)(1) because it is a "sentence previously imposed upon adjudication of guilt" and was correctly assigned one criminal history point under section 4A1.1(c) because it was not countable under either section 4A1.1(a) or section 4A1.1(b). <u>See</u> USSG § 4A1.1(c) ("Add 1 point for each prior sentence not counted in (a) or (b).").

Appellant also contests the applicability of the criminal history points he was assigned pursuant to section 4A1.1(d), which provides for the addition of two criminal history points if "the defendant committed the instant offense while <u>under any criminal justice sentence</u>, <u>including probation</u>, parole, supervised release, imprisonment, work release, or escape status" (emphasis added). Appellant contends that section "4A1.1(d) does not apply because Mr. Fisher had not committed any part of the instant offense while under the criminal justice sentence [for his resisting a public officer conviction]" because "the district court's judgment <u>ceased to exist</u> . . . when Kinte Fisher filed his notice of his intention

---

[1] The North Carolina Supreme Court has granted the State's request for discretionary review of <u>Smith</u>, <u>State</u> v. <u>Smith</u>, ___ S.E.2d __, No. 407PA04, 2004 WL 2471339 (N.C. Oct. 6, 2004), and has temporarily stayed the Court of Appeal's decision. <u>State</u> v. <u>Smith</u>, 603 S.E.2d 128 (N.C. 2004). We are satisfied, however, that the North Carolina Court of Appeals in <u>Smith</u> correctly interpreted N.C. Gen. Stat. § 15A-1431(f).

to exercise his right to trial by jury." Appellant's Br. at 12. But as the foregoing analysis makes clear, Fisher was "serving" the probation portion of his sentence despite his appeal, see Smith, 598 S.E.2d at 411, and thus the district court properly added two criminal history points pursuant to section 4A1.1(d).

## II.

At sentencing, Fisher also objected to the PSR's determination of the quantity of drugs relevant to his base offense level. This determination was based upon statements that investigators obtained from one of Fisher's drug suppliers, John Bines, and two of Fisher's customers, Carl Bell and Oscar Brown. J.A. 50. The district court heard live testimony from these three individuals, and even though some of the testimony differed from the statements obtained by investigators, the district court adopted the findings of the PSR and sentenced Fisher accordingly. J.A. 95-96.[2]

"The Government bears the burden of proving by a preponderance of the evidence the quantity of drugs for which a defendant should be held accountable at sentencing." United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993). When objecting to drug quantities as set forth in the PSR, the defendant has an affirmative duty to

---

[2] Fisher filed a supplemental brief further objecting to the determination of his relevant conduct under Blakely v. Washington, 124 S. Ct. 2531 (2004). But Blakely challenges are foreclosed in this circuit by United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004) (en banc).

show that the information contained therein is inaccurate or unreliable. United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002). In resolving drug quantity disputes, district courts "must make an independent resolution of the factual issue at sentencing," Gilliam, 987 F.2d at 1013, and may do so by expressly adopting the drug quantity findings contained in the PSR. United States v. Williams, 152 F.3d 294, 301 (4th Cir. 1998). And, by statute, "the court of appeals shall . . . accept the findings of fact of the district court unless they are clearly erroneous." 18 U.S.C. § 3742(e).

The district court's decision to adopt the drug quantity amounts set forth in the PSR was not clearly erroneous. The PSR recounted that John Bines, Fisher's supplier, told DEA and ATF agents that he sold Fisher 10 ounces of cocaine base (crack) and 250 grams of cocaine powder. J.A. 107-08. At the sentencing hearing, Bines testified that he sold Fisher, "four and a half ounces of crack . . . nine ounces [250 grams] of cocaine . . . [and] 28 grams of cocaine." J.A. 92-93. Bines further testified that he sold Fisher "maybe between four and a half to nine ounces of crack," and "from nine to eighteen ounces" of cocaine powder. J.A. 92-93. Bines' testimony is not materially inconsistent with the PSR and the district court did not clearly err by so concluding. And, to the extent there were any relevant inconsistencies, the district court did not clearly err by

determining that Bines' statement to investigators was more credible than his testimony at the sentencing hearing. See United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002) ("Because the sentencing judge had only to find the relevant drug quantities by a preponderance of the evidence, the discrepancy [between a witness's trial testimony and his out of court statement to investigators] . . . essentially raises a credibility issue. . . . The district court's factual findings regarding the relative credibility of [the witness's] two conflicting stories were not clearly erroneous.").

Carl Bell, one of Fisher's customers, told ATF agents that between 1998 and December 2001 he purchased $100 of marijuana per week [about the cost of an ounce] and 1 gram of cocaine per month from Fisher. J.A. 108. Based on this information, the PSR recommended holding Fisher accountable for 24 grams of cocaine powder and 152 ounces [3.4 kilograms] of marijuana. Id. Bell's testimony regarding his cocaine purchases from Fisher was consistent with the information in the PSR. See J.A. 85 ("Q. And you said that you purchased cocaine from Mr. Fisher two times a week for three or four years? A. Yeah."). Bell's testimony with regard to his marijuana purchases, however, differed markedly. See Id. ("Q. How much [marijuana] did you purchase? A. Like ten dollars worth. Q. How many times? A. Probably once."). But this inconsistency is irrelevant. Fisher's base offense level of 34 was

calculated pursuant to the PSR's recommendation to hold him accountable for the "<u>marijuana equivalent of 5,908.41 kilograms</u>." J.A. 108 (emphasis added). Under USSG § 2D1.1(b)(1) the marijuana equivalent of 3000 kilograms will support a base offense level of 34 and thus, even if the district court had entirely discounted Bell's purported marijuana purchases, it would not have altered Fisher's sentence. Accordingly, the district court did not clearly err when it adopted the PSR's drug quantity determination.

Lastly, Fisher's complaints regarding inconsistencies between Oscar Brown's statement to investigators and his testimony are of no moment because "none of the drug quantities identified in Brown's statements have been counted." J.A. 107.

CONCLUSION

The district court correctly calculated Fisher's criminal history points and did not clearly err when it adopted the factual findings of the PSR. Accordingly, its judgment is affirmed.

<u>AFFIRMED</u>